Sheldon vs. Davidson.

SHELDON, Appellant, vs. DAVIDSON, Respondent.

*April 14 — May 2, 1893.*

*False representations: Pleading: Landlord and tenant.*

1. In an action for deceit, a complaint alleging that defendant, in order to induce plaintiff to lease from him certain premises, fraudulently concealed the fact that a barn thereon (then in the possession of a third person) did not belong to him, but failing to allege that defendant knew or had reason to know that plaintiff was ignorant of that fact, or to allege that plaintiff was in fact induced to lease the premises by such fraudulent concealment, is *held* insufficient.

2. A representation that plaintiff could have possession of the barn at a date subsequent to the commencement of the lease, is not actionable, because it related to a future event and was a mere expression of opinion.

APPEAL from the Superior Court of *Milwaukee* County. Action for deceit. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Austin & Hamilton,* and for the respondent on that of *Miller, Noyes & Miller.*

ORTON, J. This is an appeal from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges substantially the following facts:

The defendant, on the 16th day of March, 1891, leased to the plaintiff the south half of lot 3, in block 60, in the Fourth ward of the city of Milwaukee, for the term of five years, at a rent of $600 per year, payable in monthly instalments the 1st of each month, the first payment to be made on the 1st day of May following. On the front part of said lot there was a brick dwelling-house and store, and it was agreed that the plaintiff, the lessee, should expend in improving said buildings the sum of $1,000. It

was in said lease agreed that the same should not take effect as to the east sixty feet of said lot until a certain lease then in effect between the defendant, as lessor, and one John Veidt, should terminate, on the 10th day of September, 1891.    On said sixty feet there was a barn standing.

A copy of the lease is appended to the complaint.    It is alleged in the complaint that by the terms of said lease the plaintiff " was to have the use, benefit, and occupation of the said premises, *and the aforesaid buildings.*"    There is no such stipulation in said lease.    If there had been, it would have embraced the barn on said east sixty feet.

The complaint further alleges that the plaintiff made due inquiry of the defendant as to the terms and conditions of said lease between the defendant and said Veidt, and the defendant, " with intent to deceive and defraud the plaintiff, and for the purpose of inducing him to sign said lease, falsely and fraudulently concealed from the plaintiff the fact that the barn standing upon the said east sixty feet [of said lot] was not the property of said defendant, but was the property of said Veidt, and that the plaintiff could not obtain possession thereof on the 10th day of September next ensuing, and falsely represented to the plaintiff, and for the purpose of inducing the plaintiff to execute said lease, that he could have possession of said sixty feet and the stable standing thereon on and after September 10th next ensuing; that the plaintiff, relying upon the said representations, was thereby induced to sign the aforesaid lease, and did so sign it within a few days thereafter; " that the said representations were false, in that by the terms of said lease from the defendant to the said Veidt, which was to expire on the 10th day of September, 1891, the said barn was to become the property of the said Veidt, and he was to have the privilege of removing the same, which the defendant well knew; that at the expiration of said lease between the defendant and said Veidt, said Veidt removed

said barn from said premises, and the defendant has refused to restore the same, or compensate the plaintiff therefor; and that by reason of the premises the plaintiff was damaged $1,000.

The *gravamen* of the complaint is the fraudulent *concealment* of the fact that the building on the east sixty feet of the lot was not the property of the defendant, but was the property of Veidt, the lessee; and the false *representation* that the plaintiff could have possession of the said sixty feet, *and the stable standing thereon*, on and after September 10th next ensuing.

1. As to the concealment as a cause of action. That barn on the sixty feet must have been placed there by the tenant, Veidt, temporarily for his own use, with the privilege of removal at the end of his term, and was never a part of the realty. It could not have been so attached to the soil as to become a part of the realty. If it had been, the plaintiff would have been entitled to it by the terms of his lease, and he could have prevented its removal. We conclude, therefore, that the barn was a tenant's *fixture* in fact as well as by the terms of the Veidt lease, and removable by him during his term. The Veidt lease is referred to in the plaintiff's lease. The plaintiff does not state that he did not know all about that lease, and all about the character of that building as having been placed there by the tenant, and removable. He states only that he inquired of the defendant about the terms and conditions of that lease, and does not state whether the defendant told him what they were or not. He does not state that the defendant knew, or had reason to know, that he, the plaintiff, was ignorant of the fact that the defendant did not own the barn. The defendant might well have supposed that the plaintiff knew the terms of that lease referred to in his own lease, and the character of the barn as a fixture was open to common observation. But more mate-

Sheldon vs. Davidson.

rial than even this is the absence of any averment that the plaintiff *was induced* to sign the lease by such fraudulent concealment.   It states merely that the concealment was for the purpose of inducing him to do so, but fails to state that he was actually induced to do so by it.   It is very clear that there are not sufficient allegations in the complaint to make the fraudulent concealment a cause of action.

2. As to the false representation that the plaintiff "could have possession of said east sixty feet, *and the stable standing thereon,* on and after September 10th next ensuing." The plaintiff did have possession of the sixty feet, so that such part of the representation at least was not false.   As to the other part of the representation, it relates to a future event, and is not of an *existing* fact or of a *past* event, and therefore is not actionable if such event should not occur. It is a mere opinion, prediction, or promise of a future condition of things, upon which the plaintiff had no right to rely.   In *Morrison v. Koch,* 32 Wis. 254, the representation was that a certain dam " would always in the future continue to furnish the full amount of power conveyed." Mr. Justice Lyon said in the opinion: " It seems quite clear that no charge of fraud can be predicated upon it.   At most there was a mere expression of opinion that in the future the conditions on which the water supply depended would remain favorable to a continuance of the supply. . . .   It is wanting in all the essential elements which constitute a fraud."   In *Patterson v. Wright,* 64 Wis. 289, the representation was that the party " said or promised that he would pay a certain sum of money as a consideration of and to induce the giving of certain notes, and upon which they were obtained."   It was held "that the representation must relate to a *present* or *past* state of facts, and that relief as for deceit cannot be obtained for the nonperformance of a promise or other statement looking to the future; " citing the above case, Bigelow, Frauds, 11,

12, and *Fenwick v. Grimes*, 5 Cranch, C. C. 439. In *Maltby v. Austin*, 65 Wis. 527, the representation was " of the value of a certain tract of land," and in *Prince v. Over-holser*, 75 Wis. 646, it was " that a certain bounty land warrant would locate any kind of government land," and neither was held actionable. The principle has become elementary in respect to all representations relating to the future and as mere expressions of opinion. This represen-tation is not fraudulent or actionable for both reasons. It relates to a future event, and is a mere opinion, viz. " that the plaintiff *could* have possession of the building on the east sixty feet of the lot on and after September 10th next ensuing." This statement was made before March 16, 1891.

This disposes of all the pretended deceit or fraud alleged in the complaint. The demurrer was properly sustained.

*By the Court.*— The order of the superior court is af-firmed, and the cause remanded for further proceedings according to law.