[Civ. No. 476. Third Appellate District.—October 27, 1908.]

## CARRIE B. McDOUGALD, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

EMINENT DOMAIN—ACTION FOR INJURIES TO PROPERTY DAMAGED BY RAILROAD STRUCTURE—VALUE OF PROPERTY—FINDING UNSUPPORTED.—In an action to recover damages to property injured without compensation from the construction of a railroad drawbridge and embankment in front of and partly on plaintiff's property, *held,* that a finding as to the value of the plaintiff's property prior to and at the time of such construction, and as to the damages thus sustained, based on such value, was unsupported by evidence of the value of the property at the time of the trial, more than three years thereafter.

ID.—PRESUMPTION OF CONTINUANCE PROSPECTIVE ONLY—FLUCTUATION OF VALUES—PRESENT VALUE NO CRITERION OF PAST VALUE.—The presumption stated in section 1693, subdivision 32, of the Code of Civil Procedure, "that a thing once proved to exist continues as long as is usual with things of that nature," is prospective and not retrospective, and can have no reference to future evidence of value. In view of the fluctuation in values characterizing growing communities, which is matter of common knowledge, evidence of the present value of property can be no criterion of the past value, when more than three years have intervened.

ID.—DAMAGES AT TIME OF TRIAL—JUDGMENT UNSUPPORTED—ABSENCE OF AVERMENT AND FINDING.—Conceding that damages may be estimated as of the date of the trial, the evidence adduced as of that time can have no effect to support the judgment, where there is no corresponding allegation in the complaint, nor finding as to what the property would be worth without the obstruction at the time of trial.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Geo. F. Buck, and Buck, Miller & Clark, for Appellant.

Budd & Thompson, for Respondent.

BURNETT, J.—The action was brought to recover damages caused by the construction of a certain railroad draw-

bridge and embankment in front of and partly upon the premises of plaintiff.

The vital finding upon which the judgment rests is: "That said real property in Finding 2 described was prior to and at the time of the acts of the defendant hereinafter mentioned, of the value of $2,624.00, and that by reason of the works and acts of the defendant hereinafter mentioned, the said real property has been depreciated in value and plaintiff has thereby been and is damaged in the sum of twelve hundred dollars."

This finding is assailed by appellant as unsupported by the evidence. It is declared that "the only testimony in the record in regard to the value of plaintiff's property at that time is the testimony of witness Boggs, and he placed the value of said property at said time at $500." The only answer to this contention made by respondent is that "the evidence fully justifies the findings." We are not pointed to any part of the transcript wherein may be found any testimony inconsistent with that given by witness Boggs. Our own examination of the record has served to confirm the contention of appellant. Indeed, Boggs *seems to have been* the only witness who testified to the value of the property at the time mentioned in said finding. It is true certain witnesses gave their opinion as to what the property would be worth at the time of the trial without the obstructions caused by defendant. For instance, C. M. Weber was asked this question: "What in your opinion is the market value of this tract of land of the plaintiff, eliminating from consideration the railroad bridge and embankment as shown on this plat?" But the answer is not evidence of the value of the property at the time mentioned in said finding, for the reason that the trial took place more than three years afterward. Evidence of the value of property to-day cannot be sufficient of itself to show the value nearly four years ago. There is no room for the presumption of section 1693, subdivision 32, of the Code of Civil Procedure "that a thing once proved to exist continues as long as is usual with things of that nature," as that is prospective and not retrospective.

In view of the rapid and radical fluctuations in values characterizing our growing communities, which is a matter of common knowledge, it cannot be said that this evidence is sufficient to support said finding.

The court proceeded upon the theory that damages could be shown as of the date of the trial. Conceding this view to be correct, nevertheless, there is no finding as to what the property would be worth without the obstruction at the time of the trial.

In the one respect, therefore, there is a finding without evidence, and in the other, evidence without any corresponding finding or allegation in the complaint. Hence, the judgment lacks adequate support.

If the other questions discussed arise upon a new trial, we assume that they will be correctly decided, and we deem it unnecessary, therefore, to consider them.

The judgment is reversed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 25, 1908.