PIERCE, Appellant, vs. STOLHAND, Respondent.

*December 9, 1909—January 11, 1910.*

*Bills and notes: Consideration: Services: False representations: Evidence: Presumptions: Matters of opinion.*

1. An agreement to perform services is a sufficient consideration for a note.
2. Proof that more than a year after plaintiff represented that she was the only person who could teach dermatology other schools of dermatology were advertised, did not show falsity of the representations, there being no presumption that such schools existed at the prior date.
[3. Whether or not such a representation related to a mere matter of opinion and hence, even if false, did not constitute actionable fraud, not determined.]

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

This action was brought to recover on a $200 note given in part payment for services to be performed for defendant by way of instructions in dermatology. Under the agreement $300 was paid in cash and a note given for the balance of the agreed price of the instructions. The answer sets up fraud by way of false representations on the part of the plaintiff. A counterclaim was also pleaded setting up fraud and want of consideration and demanding recovery of $300 paid to plaintiff at the time of execution of the note. The case was tried by the court and a jury. Only three questions were submitted to the jury: (1) Falsity of the representations; (2) reliance upon them; (3) defendant's freedom from negligence. The court refused to submit the question of damages. The jury answered the three questions submitted in favor of the defendant. Plaintiff moved for a directed verdict, for judgment notwithstanding the verdict, and for a determination by the court of the issue of damages and other omitted issues, which motions were denied. Judgment was ordered for the defendant upon the verdict for $497, damages and costs. It was

further ordered that plaintiff pay $10, costs of motion for judgment. Due exceptions were filed by the plaintiff. Judgment was entered accordingly in favor of the defendant, from which this appeal was taken.

*James D. Shaw,* for the appellant.

For the respondent the cause was submitted on the brief of *A. C. Umbreit.*

KERWIN, J. The execution and delivery of the note being admitted, the burden was upon the defendant to prove her defense and establish the counterclaim. The note bears date January 16, 1900, and it appears that it was given for services to be performed after its execution. The evidence tends to show that prior to the execution of the note the plaintiff was engaged in business in the city of Milwaukee as a dermatologist and receiving for her services $4 per hour; that defendant applied to her to be instructed in the art, and was informed by plaintiff that a course of instructions would cost $500. The defendant, thinking the price high, made some investigation upon the subject and conferred with a reputable physician of Milwaukee and returned to plaintiff and closed the contract by giving the note in question and paying $300 in cash. The defendant received instructions from plaintiff at various times covering a period of four or five months, and in June, 1900, began work as a dermatologist in the city of Chicago and remained there about a year, during which time only two patients called upon her for treatment. She then gave up the business and shortly thereafter had a talk with plaintiff, in which she said she could not pay the note, but made no claim that she had been defrauded. The alleged false representations complained of are that plaintiff represented that no one else could teach defendant and that she could not get instructions elsewhere for less than $500; that plaintiff told defendant that she had instructed other women who were as proficient as plaintiff, and that there was no other school than

that taught by plaintiff.   There is no doubt but that the agree-
ment to perform the services was a sufficient consideration for
the note.   *Schoenmann v. Whilt,* 136 Wis. 332, 117 N. W.
851; *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388.
Counsel for respondent seems to base his claim for affirmance
upon fraud and want of consideration.   As before observed,
the agreement to perform services was a sufficient considera-
tion, and there was no failure of consideration because it is
undisputed that services were performed under the contract.
Of course, if no actionable fraud was proved, then the respond-
ent's case falls and no other question need be treated.

It is insisted by appellant that the representations relied
upon by respondent as fraudulent to avoid the contract,
namely, that the plaintiff was the only person who could
teach dermatology, were not actionable, because not relating
to facts susceptible of personal knowledge, but merely matter
of opinion under the rule laid down in *Montreal R. L. Co. v.
Mihills,* 80 Wis. 540, 50 N. W. 507, and *Sheldon v. David-
son,* 85 Wis. 138, 55 N. W. 161.   But we find it unnecessary
to decide this point, because we fail to find sufficient evidence
to support a finding that the representations made were false.
They were made in January, 1900.   The evidence upon
which defendant bases the falsity of the representations is in
effect that after defendant gave up her office, which was more
than a year after the representations are claimed to have been
made, she learned through magazine articles or advertisements
and by calling upon people in Chicago and New York that
there were other schools.   Now this evidence falls far short
of establishing that the representations, even if actionable,
were false when made.   The fact that other schools were ad-
vertised more than a year after the representations were made
and offering to furnish instructions for $75 did not establish
that schools existed a year earlier where defendant could have
been taught the art.   There is no presumption that, because
schools existed at a particular date, they existed a year ante-

rior to such date.   Presumptions do not run backward.   *Ellis v. State,* 138 Wis. 513, 119 N. W. 1110; *State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis. 468, 107 N. W. 500; 1 Greenl. Ev. § 41.

Holding as we do that the defendant failed to prove that the representations were false, no other questions need be considered.

Judgment should have been directed for the plaintiff for the amount due upon the note sued upon.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to enter judgment for plaintiff in accordance with the demand of the complaint.