BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN *v.*

COLE.

Opinion delivered June 16, 1913.

INSURANCE—WARRANTY—BREACH—EVIDENCE.—C. became a member of defendant fraternal order in Texas, in November, 1911, and in his. medical examination for a benefit certificate, he was asked

"Q. Do you use wine, spiritous or malted liquors? A. No." In a suit to collect on the certificate, *held*, evidence of witnesses who knew insured in 1912 after he removed from Texas to Arkansas, as to his habits, is inadmissible, being too remote to have any bearing on the question of the habits of insured concerning the use of intoxicating liquors prior to his admission to the order.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*W. S. Chastain,* for appellant.

Testimony as to Cole's habits with reference to drinking by witnesses whose acquaintance with Cole began nine months subsequent to his representation that he did not drink, was too remote to prove his habits at the time the representation was made and prior thereto, and was incompetent. 151 S. W. 257.

*Cravens & Cravens,* for appellee.

The verdict will not be disturbed if there is any legal evidence to sustain it. 70 Ark. 140. There is sufficient evidence in the record to sustain the finding that Cole was not an habitual user of intoxicating liquors.

McCULLOCH, C. J. Appellee's intestate, W. E. Cole, while residing at Smithville, Texas, in November, 1911, became a member of a subordinate lodge of appellant, Brotherhood of Locomotive Firemen and Enginemen, a fraternal insurance society; and on December 4, 1911, a benefit certificate was issued to him, which provided that the benefit of $1,500 should be payable to him in the event of his becoming afflicted with any of the bodily ailments for which a benefit is provided in the constitution and laws of the order. Pulmonary tuberculosis is one of the ailments for which payment of benefit is provided in the constitution. Cole became afflicted with that disease shortly after he became a member of the order, probably in December, 1911, or January, 1912, and died in January, 1913, after the trial of this cause below and the rendition of a judgment in his favor.

He instituted this action in the circuit court of Sebastian County, Fort Smith District, against appellant

in November, 1912, to recover the full amount named in the benefit certificate, and a trial was had on December 21, 1912, and resulted in a judgment in his favor.

The policy or benefit certificate was issued pursuant to a written application signed by Cole, which contained statements concerning his health, etc., the truth of all the statements contained in the application and medical examination being, by the terms of the policy, made warranties. The following question and the answer thereto, the truth of which is warranted in the application, was contained therein: "Q. Do you use wine, spirituous or malted liquors? A. No."

Appellant pleaded as a defense, among other things, a breach of the warranty with respect to the truth of that answer, and on the trial of the case introduced proof tending to establish the fact that during the months of September, October and November, 1911, immediately prior to Cole's becoming a member of the order, he frequently used intoxicating liquors to excess and was a habitual drunkard.

The testimony adduced by appellant was sufficient, if believed by the jury, to establish its defense concerning a breach of warranty with respect to the habitual use of intoxicants.

The plaintiff Cole was permitted, over the objection of appellant, to introduce testimony of two witnesses, who resided at Fort Smith, Arkansas, concerning the habits of Cole with respect to the use of intoxicants after he removed to and became a resident of that city in August, 1912, up to the time of the trial. This was done over the objection of appellant, and the ruling of the court admitting that testimony is now assigned as error.

We are of the opinion that the assignment is well taken and that the testimony was inadmissible.

Appellant confined its testimony to a period of about three months preceding the admission of Cole as a member of the order and while the latter was residing in Smithville, Texas.

The testimony tends to show that Cole left Smithville about the time he joined the appellant order and

that he took up his residence at Fort Smith in August, 1912.

The two witnesses spoken of above knew him after he had moved to Fort Smith and testified concerning his habits after that time.

We think that was too remote to have any bearing on the question of his habits concerning the use of intoxicants prior to his admission into the order. The testimony can not be justified on the ground of presumption of continuance of a habit once established, because a retroactive effect can not be given to such a presumption. Jones on Evidence, § 58; *Murdock* v. *State,* 68 Ala. 567; *State* v. *Dexter,* 115 Iowa, 678; *Erskine* v. *Davis,* 25 Ill. 251; *Taylor* v. *Creswell,* 45 Md. 422.

The question at issue in this case was as to the habits of Cole at the time he applied for admission into the order and made the statements in his application in November, 1911, and, as before stated, the testimony of appellant was confined to the period immediately preceding that date.

Testimony relating to his habits with respect to the use of intoxicants during a period immediately succeeding that date might have had some bearing on the question of his habits on or before the date named. *Johnston* v. *Ashley,* 7 Ark. 470; *Clinton* v. *Estes,* 20 Ark. 216. But the period covered by the testimony of the witnesses mentioned was too remote to have any bearing upon that issue. The period covered by the testimony began about nine months after the date of the application and about that length of time after he had removed from Smithville, Texas, and subsequently became a resident of Fort Smith. In the meantime, it had developed that Cole was afflicted with the ailment mentioned and which had progressed to its final stage at the time of the trial of this cause. So, the period was remote and the place and circumstances were entirely different, and we are of the opinion that it was incorrect to allow the jury to consider the testimony as having any bearing upon the hab-

its of the party prior to the time he became a member of the order.

The testimony of those witnesses was prejudicial because, without it, the testimony of Cole was uncorroborated.

The erroneous admission of this testimony calls for the reversal of the cause.

The instructions given were in accord with the law stated by this court in the case of *Metropolitan Life Insurance Co.* v. *Shane,* 98 Ark. 132.

For the error indicated the judgment is reversed and the cause remanded for a new trial.