## BOYER v. WALKER.

No. 19282.   Opinion Filed March 25, 1930.

Chas. L. Yancy, Henry L. Fist, Hugh Ownby, and W. J. Melton, for plaintiff in error.

Gerald F. O'Brien, for defendant in error.

REID, C. In this case the plaintiff, R. E. Boyer, brought a suit against the defendant, Louise Berry Walker, alleging in his petition and contending on the trial that on or about the 1st of January, 1921, she employed him to manage her certain real property situated in Tulsa, Okla., and its vicinity, at a salary of $300 per month, and that he performed these services from that date until the 1st day of December, 1923; that he advanced during that time to the husband of the defendant for her $30, and on another occasion he advanced to a party the sum of $25 for defendant's benefit. He admitted certain credits amounting to $4,235,30, and sued for the balance of $6,269.80.

The defendant admitted making the contract of employment about the time plaintiff alleged, but contended that the salary was to be $100 per month for about a year, and later $125 per month, instead of $300 per month, as claimed by plaintiff, and that he had already been paid more than the amount due him under their contract.

The case went to trial to a jury and a verdict for $25 was returned for the plaintiff, and he appealed. The parties will be referred to as they stood in the trial.

The plaintiff first contends that the court erred in overruling his demurrer to the defendant's evidence. The evidence of the defendant was in accordance with the allegations of her answer and presented a defense. It was not error to overrule the motion.

The plaintiff assigns as errors the fact that the court refused his requested instruction No. 1, and also the giving of instruction Nos. 5 and 6 in the general charge to the jury. The issues made by the evidence presented no new question or one undecided by the opinions of this court. So far as the charge was concerned, it was only necessary to submit to the jury the two theories of the case: Plaintiff's contention as to the amount he was to receive under the contract, and the defendant's claim as to the salary to be paid; together with the law covering the two advancements claimed to have been made by plaintiff for defendant. These were fully covered by appropriate language used by the court in the general charge, and we deem it unnecessary to discuss in detail the questions raised, as it is apparent on examination that no error was here committed.

The plaintiff next contends that the court erred in refusing to let him introduce, when offered near the beginning of the trial, a certain contract made by the defendant in the nature of a power of attorney to her husband, V. B. Walker. We have examined this instrument carefully, and find that it is a power of attorney given the husband to sell and convey the real estate belonging to the defendant. Under this instrument, he is not given any right to employ an agent to look after the property, and, in fact, it is not really claimed by the plaintiff that the contract was made with Walker as her agent, but with the defendant herself. The power of attorney having no relation to the issue involved in the suit, it was not admissible at any stage of the trial; and, of course, the fact that it was not admitted near the beginning of the trial was not error.

The plaintiff presents in his brief the next alleged error in this language:

"We contend that the court erred in not permitting the plaintiff to testify relative to conversations and agreements he had with the defendant's husband, concerning his contract of employment."

The conversations and agreements referred to are not set out in the brief, and no reference is made to where they can be found in the record. We are not advised as to what this testimony was. Though not required to do so, we have searched the record to find a situation in the testimony which might be covered by this assignment, and have not found one. Therefore, we must hold that no error occurred in this respect.

It is contended that the court erred in refusing to permit the plaintiff to introduce in evidence a certain trust agreement executed on the 20th day of December, 1923,

by V. B. Walker and his wife, this defendant, and plaintiff, whereby plaintiff was given charge of defendant's property to manage the same, collect the rents, and apply them to certain mortgages on the property then being pressed for payment, and also to sell a certain part of the property; for which services, by a provision in the agreement, he was to receive a salary of $300 per month out of the rents.

In this connection it is urged that the fact that the defendant, on December 20, 1923, entered into the trust agreement with plaintiff to perform the services mentioned therein for a salary of $300 per month, was admissible as relevant to the issue herein tried, for the reason that such evidence would create the presumption that she had three years prior thereto, in making the contract sued on, agreed to pay a salary of $300 to the plaintiff. Evidently the rule sought to be invoked is the one which the text-writers and courts have long recognized to the effect that when a thing or condition is proved to have once existed in a particular state, there is a natural inference that the thing or condition continued in that state for such length of time as is reasonable in view of the character of the thing or condition. Jones' Commentaries on Evidence (2nd Ed.) vol. 1, sec. 267. However, the rule cannot apply here, for the reason that the presumption cannot be reversed. It is not retroactive. There is no presumption from the fact that a condition or thing existed at a particular time that it existed at a certain prior time, unless in the very nature that must be true.

In the case of Deniff v. Charles R. McCormick & Co. (Ore.) 210 Pac. 703, the court in the syllabus said:

"In action for injuries to passenger on a certain steamship, defended on the ground that the defendant did not own or operate the ship at the time of the accident, a letterhead, containing a list of vessels, including that upon which plaintiff was injured, used by defendant 3½ months after the voyage during which the accident occurred, was not proof that defendant owned or operated the ship during such voyage, since such letterhead will not be given a retrospective effect, contrary to the general rule that presumptions do not run backward."

The following cases sustain this view: Ellis v. State, 131 Am. St. Rep. 1022, 138 Wis. 513, 120 N. W. 110; Tonopah & G. R. R. Co. v. Fellambaum (Nev.) 107 Pac. 882; McDougal v. Southern Pac. R. Co., 9 Cal. App. 236, 98 Pac. 685; People v. Quong Sing (Cal.) 127 Pac. 1052.

The evidence sought to be introduced was irrelevant to any issue being tried. It would have had the effect to bring into the case the collateral question as to whether the services of plaintiff under the contract made three years prior thereto were of the same character as those provided for in the trust agreement, whether the wage standard for such services had increased, and many other collateral and incidental matters which might have been considered by the defendant as affecting the question and causing the latter salary to be paid. The amount paid as salary under the trust agreement was remote and collateral to the question at issue, and created no presumption that the former contract included the same salary. It is our conclusion that the refusal of the court to admit this evidence was proper.

It is contended finally that the court erred in refusing to admit the testimony of C. L. Yancy, one of the attorneys for plaintiff, to the effect that at the time the trust agreement just mentioned was being prepared in his office in Tulsa, V. B. Walker, the defendant's husband, stated that they had been paying plaintiff $300 for his services under the contract sued on. The conversation, in which this statement is claimed to have been made, occurred out of the presence of the defendant, and it related to a contract which by the testimony of both plaintiff and defendant was made by and between them three years previous to that time. A statement made by Walker as to the terms of a contract which his wife had made certainly could not become evidence in a suit against her on the contract. The fact that Walker was dead at the time of the trial does not affect the question. It is useless to discuss whether the evidence was inadmissible for other reasons, as it is sufficient to say that the offered evidence was the rankest hearsay, and therefore the court did not err in refusing to admit it.

An examination of each of the assignments of error made by plaintiff in connection with the record in the case discloses no substantial error by the trial court. The judgment should be and is hereby affirmed.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.