DORAN, Respondent, *v.* UNITED STATES BUILDING &
LOAN ASSOCIATION, Appellant.

(No. 7,025.)

(Submitted March 6, 1933. Decided April 1, 1933.)

[20 Pac. (2d) 835.]

74

 

*Mr. William Meyer*, for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. H. J. Freebourn*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The plaintiff brought this action to recover damages for personal injuries.

The defendant is the owner of a six-story building located in the city of Butte. On the twenty-ninth day of November, 1930, the defendant leased the second, third, fourth, fifth and sixth floors of this building to one Wells, together with the right to use the stairway, the elevator and the entryway leading to the portion of the building leased. Wells went into immediate possession of the premises. The lower floor of the building is composed of storerooms, all of which have separate entrances from the one leading to the upper floors. The plaintiff, between 7 and 7:30 in the evening of January 28, 1931, visited the fourth floor of the building in question, and coming down the stairway from the fourth to the third floor she tripped on the metal nosing or edging on the step and fell, and as a result she suffered an inner capsular fracture of the left humerus, and other bruises.

The stairway in question is divided into two parts, with a landing in between. In the middle of the landing is one step, and it is on this step that the plaintiff tripped and fell.

Along the edge of the step was a nosing or edging of metal covering approximately three-quarters of an inch in width of the surface of the step, the total width of the nosing being approximately one and one-half inches. The rest of the width is curved over the edge and under the step. It is attached to the step by nails.

The plaintiff testified that after she fell, while sitting in the window adjacent to the landing, she observed that the nosing was bent upward from the surface of the step a distance of approximately one-half inch, and that in going down the steps she caught her heel on this upturned nosing, resulting in her injuries. According to her testimony it was bent upward for a distance of approximately five inches along the surface of the step.

One Mrs. Hawe, a witness for the plaintiff, testified that she passed down the stairway between the third and fourth floors of the building between the 20th and 25th of October, 1930, and that she tripped on the same nosing which was then bent upward approximately one-half inch, for approximately the same distance and in the same location as testified by plaintiff.

A number of witnesses testified in rebuttal on behalf of the plaintiff that they, early in the month of February, 1931, being subsequent to the accident, visited the building, inspected this step, and found the nosing in substantially the same condition as testified to by the plaintiff and Mrs. Hawe.

On the trial of the case defendant made a motion for nonsuit upon numerous grounds, among others claiming that the plaintiff had failed to establish any negligence on the part of the defendant, which was by the court denied. The jury returned a verdict in favor of plaintiff and judgment was entered accordingly. The defendant appeals from the judgment.

This case was tried upon the theory that the defendant was negligent in that the condition of the nosing on the step in question existed prior to the execution of the lease and the surrender of the premises to the lessee, thus bringing the case within an exception to the general rule that the landlord is not

responsible for a dangerous condition and injury resulting therefrom existing on the premises when in the exclusive possession of the tenant.

Certain additional theories are advanced by the respondent on this appeal as grounds upon which to sustain the judgment, namely, that under the terms of the lease the tenant only had the right to use the stairways in common with the landlord; also that the landlord reserved the right to supervise, and, in some instances, direct the making of any repairs on the building, although such repairs were to be made at the expense of the tenant. Under any of these theories, without deciding whether any or all of them apply to the facts of this case, it was necessary, in order to hold the defendant for negligence, for the plaintiff to establish a state of facts showing that the defendant had notice, actual or constructive, of the defects causing the injury. (*Phillips* v. *Butte Jockey Club,* 46 Mont. 338, 127 Pac. 1011, 42 L. R. A. (n. s.) 1076; *McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893.)

The record is barren of any direct evidence establishing actual notice of this condition to the defendant, and the only kind of notice established, if at all, was constructive notice.

It is urged that the testimony of Mrs. Hawe and the presumption, namely, "that a thing once proved to exist continues as long as is usual with things of that nature" (Rev. Codes 1921, sec. 10606, subd. 32), the testimony of the plaintiff at the time of the injury and of other witnesses subsequent to the injury is sufficient to establish prima facie constructive notice to the defendant of the condition of the nosing on the step prior to January 28, 1931.

If the evidence offered was sufficient to raise the presumption contended for, the position of the plaintiff would be sound. The facts testified to with reference to the condition of the step on January 28, 1931, and by the rebuttal witnesses as to its condition on a subsequent date, cannot be made the basis from which the presumption can arise. No presumption is to be inferred from the fact that a condition exists at a

particular time that it existed in the past. Presumptions cannot be reversed. They do not operate backwards. (1 Jones' Commentaries on Evidence, 2d ed., 440; *Brotherhood of Locomotive Firemen* v. *Cole*, 108 Ark. 527, 158 S. W. 153; *People* v. *Quong Sing*, 20 Cal. App. 26, 127 Pac. 1052; *McDougald* v. *Southern Pac. Ry. Co.*, 9 Cal. App. 236, 98 Pac. 685; *Joannes Bros. Co.* v. *Czarnikow-Rionda Co.*, 121 Misc. Rep. 474, 201 N. Y. Supp. 409; *Deniff* v. *McCormick & Co.*, 105 Or. 697, 210 Pac. 703; *Pierce* v. *Stolhand*, 141 Wis. 286, 124 N. W. 259; *McDaniel* v. *Crabtree*, 143 Wash. 168, 254 Pac. 1091.)

Mrs. Hawe, the witness for the plaintiff, testified as to the condition of the step late in the month of October, 1930, approximately three months prior to the date in question. The presumption relied upon that a thing "once proved to exist continues as long as is usual with things of that nature," must arise from this testimony, if at all. Mrs. Hawe further testified with reference to the occurrence when she tripped on the nosing: "I tripped on it myself and I put my foot back on it after and set it back in place."

Two elements must be considered in ascertaining whether or not, in a given case, there is any such presumption. (1) The element of intervening time; and (2) the permanent or temporary nature of the particular condition. (1 Jones' Commentaries on Evidence, 2d ed., 439; *Cleveland etc. Ry. Co.* v. *Starks*, 58 Ind. App. 341, 106 N. E. 646, 651; compare *In re Murphy's Estate*, 43 Mont. 353, 116 Pac. 1004, Ann. Cas. 1912C, 380; *Scott* v. *Wood*, 81 Cal. 398, 22 Pac. 871.) The Indiana court in the case supra, in a well-considered opinion reviewing all the texts and numerous authorities on this question, said: "In the process of proof by inference, there must first be established a fact or collection of circumstantial facts, bearing some relation to the fact to be proven. The court determines, as matter of law, whether or not such relation may probably exist, and the jury then ascertains the relation, if any, by recourse to inferences. If the existence of such relation does not rise above the realm of the merely conjectural

or speculative into that of the reasonably probable, indulging in inferences is not permissible, since, from such a situation, no inference could be drawn.''

Applying to the facts in this case the rule announced by the foregoing authorities, we find that the condition existing at the time testified to by Mrs. Hawe did not continue, for immediately as a result of her own act it was changed. And from the very nature of this metal nosing it cannot be said that it was reasonably certain that it would continue in the same condition for a sufficient length of time in order to charge the defendant with constructive notice of such condition. Therefore we conclude, as a matter of law, from the facts proved, no presumption arose that the condition of the nosing before Mrs. Hawe put it in place, continued for a reasonable length of time.

Furthermore, in order for the jury to find the defendant negligent, it would have been necessary for them to have first presumed that the condition testified to continued for a sufficient length of time to charge the defendant with notice and, having indulged that presumption, inferred therefrom that defendant had notice of this alleged dangerous condition.

From one fact found another may be presumed if the presumption is a logical result; but to hold that a fact presumed at once becomes an established fact for the purpose of serving as a basis for a further presumption or inference would be to spin out the chain of presumptions into the barest region of conjecture. (*First National Bank of Glendive* v. *Sorenson,* 65 Mont. 1, 210 Pac. 900; *Kern* v. *Payne,* 65 Mont. 325, 211 Pac. 767.)

The evidence in this case was clearly insufficient to charge the defendant with negligence. Therefore the trial court was in error in denying defendant's motion for a nonsuit.

Numerous other errors were assigned and argued at length, but in view of the conclusion reached herein, it becomes unnecessary for us to give them consideration.

The judgment is reversed and the cause remanded to the district court of Silver Bow county, with direction to enter a judgment of dismissal of this action.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.

Rehearing denied April 18, 1933.