No. 13828

IN THE SUPRME COURT OF THE STATE OF MONTANA

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

KENNETH WENDELL BRADFORD,

Defendant and Appellant.

Appeal from:  District Court of the Eighth Judicial District,
Honorable H. William Coder, Jduge presiding.

Counsel of Record:

For Appellant:

Thomas A. Baiz, Jr. argued, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mike McCarter argued, Assistant Attorney General,
Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Randy Gray argued, Great Falls, Montana

Submitted:  January 30, 1978

Decided: FEB 22 1978

Filed: FEB 22 1978

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court:

Defendant was charged with three counts of aggravated assault in the District Court, Cascade County. Two of the counts were dismissed by the District Court prior to submission of the case to the jury. The jury found the defendant guilty on the remaining count. Following denial of defendant's motion for a new trial, he appeals to this Court.

The county attorney, in a single Information, charged defendant with three separate counts of aggravated assault involving use of a small automatic pistol, in violation of section 94-5-202 (1)(c), R.C.M. 1947. The alleged offenses occurred on November 6, 1976, at Calhoun's Saloon in Black Eagle, Montana. Count I charged defendant with assaulting Steven Katsilas, the bartender, inside Calhoun's. Count II charged defendant with assaulting Devon Ladd, a customer, inside the saloon, by placing the barrel of the pistol against Ladd's ribs. Count III charged defendant with assaulting Devon Ladd outside the saloon by firing three shots into Ladd's car as he was driving away.

Defendant was tried in the District Court on March 7, 1977. The evidence pertaining to Count I was direct evidence. Eye witnesses, including the victim, described the assault. Their testimony was that Steven Katsilas came around the bar to help his wife, who was on the floor and being beaten by several other women. When he did this, defendant came over to Katsilas, hit him in the face, put a small pistol between his eyes and told him that if he attempted to interfere, he would be shot.

At the time of trial, Devon Ladd, the victim of the other two assaults, could not be located to appear and testify. Without his testimony, the State introduced no evidence on Count II.

- 2 -

The State's evidence on Count III was circumstantial. Witnesses who were in the bar that night testified Ladd was in the bar during the assault on Katsilas and left as it ended. The testimony indicated defendant followed Ladd out the door of the bar and within seconds, two witnesses, still inside the bar, heard three shots. Two witnesses, who had observed Devon Ladd's car earlier in the evening, testified there were no nicks or holes on the driver's side of the car. These witnesses and a sheriff's deputy testified that following the incidents at Calhoun's three bullet marks were found on the car. The deputy took photographs of the marks and these photographs were admitted into evidence. The investigating officers found three .25 caliber shell casings in the parking lot and they were admitted into evidence. Witnesses testified that when Ladd returned to the bar with the police, approximately ten minutes after leaving, he appeared shaken, flushed, and his hair was messed up. Tom Whitehead, Calhoun's swamper, testified that he was just regaining consciousness after being knocked out when Ladd re-entered the bar with the police and, as he came in, Ladd told him that someone had shot at his car. Defendant's objections to the introduction of the photographs and shell casings into evidence and to Whitehead's testimony concerning Ladd's statement to him were all overruled.

Defendant's objection to the admission of Whitehead's testimony on Ladd's statement was that the statement was hearsay. The District Court admitted the testimony as falling within the res gestae exception to the hearsay rule. Defendant objected to the admission of the photographs and shell casings, arguing there was a lack of proper foundation for their admission. He

- 3 -

further argued that this physical evidence was inadmissible under section 93-1301-7(32), R.C.M. 1947, which he claims states that a thing once shown to exist relates forward but not backward in time.

At the close of the state's case-in-chief, defendant moved for a mistrial, which was denied. He then moved that all counts be dismissed. Defendant argued that the state, on Counts II and III, failed to prove reasonable apprehension of serious bodily injury on the part of the victim, Devon Ladd, an element of the crimes charged. Regarding Count I, defendant argued the state failed to prove its case beyond a reasonable doubt. The District Court, after hearing the arguments of counsel,dismissed Counts II and III on the grounds there was insufficient evidence to prove reasonable apprehension of serious bodily injury on the part of Ladd. Defendant then rested.

Count I was submitted to the jury. The jury was admonished to disregard the photographs and shell casings (which related only to Count III), as though they were never admitted into evidence. The jury found defendant guilty of aggravated assault on Count I.

After the verdict was entered, defendant moved for a directed verdict, i.e. judgment notwithstanding the verdict, on the ground that the jury verdict was contrary to the weight of evidence. In the alternative, defendant moved for a mistrial on the grounds that the physical evidence and testimony admitted under Count III were highly prejudicial and misled the jury on Count I. These motions were denied. Defendant then filed a motion for a new trial, which was argued on April 7, 1977. The motion was denied.

On April 8, 1977, the court imposed sentence on defendant of three years imprisonment, with all but six months suspended. Defendant was ordered to serve the six months in the Cascade County jail, with credit for time already served. Execution of the sentence has been stayed pending this appeal.

The sole issue on appeal is whether the state's failure to dismiss Counts II and III prior to the beginning of the trial, when they knew Devon Ladd, the victim, would not be present to testify, denied defendant a fair trial.

Defendant's contention is that the evidence which was admitted on Count III misled the jury on Count I. He argues that when the prosecution knew Devon Ladd would not be present at the trial, it should have dismissed Counts II and III. According to defendant its failure to do so was prejudicial error. Finally he argues that certain evidence on Count III was inadmissible.

The rule applicable is that before a judgment in a criminal case will be reversed, prejudice must be shown. State v. Totterdell, (1959), 135 Mont. 56, 336 P.2d 696; State v. Hay, (1948), 120 Mont. 573, 194 P.2d 232. Prejudice in a criminal case will not be presumed, but rather must appear from the denial or invasion of a substantial right from which the law implies prejudice. The defendant must demonstrate prejudice from the record. State v. Schleining, (1965), 146 Mont. 1, 403 P.2d 625.

The defendant in a criminal case has the right to a fair trial. It is axiomatic that prejudice can be implied from the denial or invasion of that right. However, the defendant must show that his right to a fair trial was denied or invaded.

We hold, in the instant case, that defendant's right to a fair trial was neither denied nor invaded. Defendant has not convinced us the state's failure to dismiss Counts II and III prior to trial prejudiced him on Count I.

We might agree with defendant that the prosecution should have dismissed Count II when they knew that Devon Ladd would not be at the trial, however, since no evidence was introduced on this count, we fail to see how defendant was prejudiced by the state's failure to dismiss prior to trial.

We believe that the evidence admitted on Count III could not have misled the jury on Count I. The alleged assault in Count I occurred inside the bar, with the bartender as the victim; the alleged assault in Count III occurred outside the bar with Devon Ladd as the victim. Thus, the evidence on each of these counts was distinct and independent of the other. The jury could easily keep the incidents and the evidence separate.

Furthermore, the state had a right to attempt to prove Count III by circumstantial evidence. This Court has held that whatever may be established by direct evidence in a criminal case may also be established by circumstantial evidence. State v. Cor, (1964), 144 Mont. 323, 396 P.2d 86. The photographs, shell casings, and testimony of Whitehead as to Ladd's statement are circumstantial evidence.

Defendant argues that, even if circumstantial evidence can be used in a criminal case, this evidence was inadmissible and, therefore, prejudicial. The vitality of this contention is lost in our holding that the evidence was admissible.

Circumstantial evidence, to be admissible, must be relevant, competent and material. State v. Fitzpatrick, (1973), 163 Mont. 220, 516 P.2d 605. The evidence the state offered and had admitted on Count III was relevant, material and competent as to that count.

Whitehead's testimony about Ladd's statement to him was admissible under the res gestae exception to the hearsay rule. State v. Medicine Bull, Jr., (1968), 152 Mont. 34, 445 P.2d 916.

The photographs of Ladd's car and shell casings were also admissible. Defendant's reliance on section 93-1301-7(32), R.C.M. 1947, as construed in Doran v. United States Building and Loan Assn., (1933), 94 Mont. 73, 20 P.2d 835, is misplaced. That statute and case deal with disputable presumptions. Here, we are dealing with circumstantial evidence tending to prove that an assault was committed upon Devon Ladd.

The admission of the evidence relating to Count III did not prejudice defendant on Count I even though Count III was subsequently dismissed. The court instructed the jury to disregard this evidence, which we believe sufficient under the facts of this case. An error in the admission of evidence can sometimes be cured by an admonition to disregard the evidence. Brown v. United States, (1967), 380 F.2d 477, cert. den. 390 U.S. 962, 88 S.Ct. 1062, 19 L ed 2d 1158. The striking of erroneously admitted evidence and admonishing the jury to disregard it serves to cure the error. United States v. Rojas, (1976), 537 F.2d 216. Such is the case here.

The judgment of conviction is affirmed.

_____
Frank J. Haswell

Justice

- 7 -

We Concur:

_John Conway Harrison_
Acting Chief Justice

_Gene B. Daly_

_____

_Daniel J. Shea_
Justices.

Acting Chief Justice

- 8 -