No. 12706

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

BILL ROSCOE MERSEAL,

Defendant and Appellant.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellant:

Daniel J.Shea argued, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena, Montana
Robert L. Deschanps III,County Attorney, appeared Missoula, Montana
Harold V. Dye. Deputy County Attorney, argued, Missoula, Montana

For Amicus Curiae:

Charles Angel argued, Bozeman, Montana

_____

Submitted: June 25, 1974

Decided: JUL 23 1974

Filed: JUL 23 1974

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

Application by appellant Bill Roscoe Merseal for an order compelling Carroll B. Copeland, official court reporter for the fourth judicial district, to supply him with one original copy of the transcript of the proceedings in the district court and charge him no more than 7-1/2¢ per folio (100 words). Appellant intends to reproduce the transcript on his own, for an appeal from a conviction for second degree assault. Appellant is not an indigent.

The issue raised is: May a nonindigent appellant in a criminal case compel a court reporter to furnish only the original transcript of the trial court proceedings, and furnish other copies of the transcript himself?

In support of his position appellant simply asserts there are no explicit rules concerning the number of copies of the transcript which must be filed on appeal.

Rule IV of the Rules of the Montana Supreme Court, 1966, states:

> "1. In all criminal appeals the Montana Rules of Appellate Civil Procedure may be followed in the preparation of the record on appeal insofar as they are applicable and not in conflict with a specific statutory provision of the Criminal Code. * * *"

Rule 10 of the M.R.App.Civ.P. states:

> "(a) * * * Six copies of each transcript must be lodged with the clerk of this Court for filing. * * *".

This Court is clearly entitled to six copies of the trial transcript. The only statute in Montana's Code of Criminal Procedure at variance with the above-quoted rules is section 95-2428, R.C.M. 1947, which concerns itself with indigent appeals and is not applicable here.

We see no merit in appellant's suggestion that he ought to

be permitted to copy the original transcript by his own methods. Assurances by appellant that modern technology would provide us with perfectly acceptable copies of the transcript, and at the same time save appellant money, miss the point. Our concern here is to preserve the integrity of the record. For obvious reasons, the record on appeal must be inviolate. The court reporter consequently is required to certify to the correctness of the transcript. Section 95-2408(b), R.C.M. 1947; Rule 9(b), M.R.App.Civ.P. Common sense indicates the most practicable way of ensuring a correct transcript is for the court reporter to keep the original copy in his possession at all times and from it manufacture more copies as they are needed. Otherwise the reporter will be obliged to choose between exposing himself to liability or certifying each copy made outside his office and recertifying the original. In a day of increasingly voluminous transcripts, this Court is not about to cast such a tedious burden upon court reporters.

In view of the foregoing, it is incumbent that the copies of the transcript needed by the parties for use on appeal also be procured from the reporter.

The relief sought by appellant is denied.

_____
Chief Justice

We concur:

_____

_____
Justices,

_____
Hon. Peter G. Meloy, district judge,
sitting in place of Mr. Justice Daly.

Justice Frank I. Haswell did not participate in this cause.

- 3 -