NO. 81-82

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

MIKE SHURTLIFF,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
In and for the County of Powell.
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

C. F. Mackay, Anaconda, Montana

For Respondent:

Honorable Mike Greely, Attorney General, Helena, Montana
Ted L. Mizner, County Attorney, Deer Lodge, Montana

---

Submitted on briefs: July 16, 1981

Decided:

Filed: NOV 5 - 1981

_Thomas J. Kearney._

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a conviction of simple assault in the Third Judicial District of the State of Montana, Powell County, the Honorable Robert J. Boyd presiding. The defendant had previously been charged, along with two others, with the offense of aggravated assault. After the charges against the two others were dismissed, the defendant, after waiver of a jury trial, was found guilty of assault under section 45-5-201, MCA.

During the evening of April 8, 1980, a guard at the Montana State Prison was struck in the back by two handmade darts. The incident occurred while he was conducting the 9:00 p.m. count in Lower B Unit in Close Unit No. One of the prison. The guard was treated in the emergency room of Powell County Memorial Hospital, and after the darts were extracted from his back, he was inoculated for tetnus and given antibiotics.

Lower B Unit consists of two facing rows of six cells each. When hit, the guard was facing the row containing cells one through six, with his back to cells seven through twelve. The defendant occupied cell twelve at the time of the attack. No one saw from which cell the darts came.

An investigation of the unit immediately after the incident resulted in the discovery of three plastic tubes used to hang clothes inside the cells. The evidence indicated that the tubes in three cells, including that of the defendant, were loose and capable of being removed from the walls. Also, the evidence illustrated that to hit the guard, a tube had to be aimed through a hole in the cell door that was used for passing meals into the cell.

-2-

Defendant testified that he and several other inmates, none of whom he could remember, were firing some handmade darts into a box, set up in one of the cells, minutes before the incident. At trial, it was demonstrated that the handmade darts could be propelled for at least forty feet by blowing them through one of the plastic tubes. The defendant's cell was approximately forty feet from where the guard was standing when hit.

Evidence was introduced that defendant had made two separate threats against the guard approximately ten hours before the incident. Further, defendant testified at trial that he did not like the guard.

Defendant's fingerprints were found on one of the two darts which struck the guard. Defendant testified that the fingerprints were on the dart because he sometimes handed out the writing paper used for the dart fins to other inmates. He also testified that the fingerprints may have been placed on the dart when he and the other inmates were shooting the darts into the box moments before the incident.

Defendant, after waiving a jury trial, was found guilty of assault under section 45-5-201, MCA. He was sentenced to six months in the Powell County jail, with the last two months suspended. The sentence was to be served consecutively with his present sentence. He now appeals his conviction.

The only issue on appeal is whether the State presented sufficient evidence to support the verdict.

Defendant contends that there was insufficient evidence for a conviction. He cites encyclopedia law and case law that is not relevant to the issue presented. This Court

in State v. Duncan (1979), 181 Mont. 382, 593 P.2d 1026, 1029, 36 St.Rep. 748, 751, held that:

> "We set forth the proper standard of review in criminal bench trials in State v. Longacre (1975), 168 Mont. 311, 313, 542 P.2d 1221, 1222:
>
> "'It is the function of the trier of the facts, in this case the trial judge, to determine the credibility of the witnesses and the weight to be given their testimony and he may pick and choose which of the witnesses are to be believed from a consideration of all of the evidence. State v. Medicine Bull, Jr., 152 Mont. 34, 445 P.2d 916. On appeal we simply determine if there is substantial evidence to support the defendant's guilt beyond a reasonable doubt. State v. Stoddard, 147 Mont. 402, 412 P.2d 827, State v. White, 146 Mont. 226, 405 P.2d 761.'
>
> "Thus, the 'substantial evidence' test applies to appeals from both judge and jury convictions. Therefore, in determining whether there is substantial evidence to support the verdict entered by the trial court, this Court will examine the evidence in the light most favorable to the State. State v. Pascgo (1977), 173 Mont. 121, 566 P.2d 802, 805; State v. Stoddard (1966), 147 Mont. 402, 408, 412 P.2d 827, 831."

Further, this Court held in State v. Stoddard (1966), 147 Mont. 402, 408, 412 P.2d 827, 831, that ". . . if the record shows any substantial evidence to support the judgment the presumption is in favor of such judgment. State v. Robinson, 109 Mont. 322, 96 P.2d 265; State v. Cor, 144 Mont. 323, 396 P.2d 86."

Substantial evidence means such relevant evidence as a reasonable man might accept as adequate to support a conclusion. State v. Merseal (1974), 167 Mont. 409, 416, 538 P.2d 1364, 1368; 24A C.J.S. Criminal Law, §1880 at 793. With these rules in mind, a review of defendant's contentions concerning the evidence shall follow.

Defendant argues that since there was no eyewitness

to identify the assailant, the State failed to meet its burden of proof. However, defendant offers no other explanation than the one presented by the State and supported by the evidence.

The evidence presented by the State, though circumstantial, was sufficient to uphold a conviction. For example, defendant's fingerprints were on one of the darts removed from the guard's back. The California Supreme Court in People v. Gardner (1969), 79 Cal.Rptr. 743, 747, 457 P.2d 575, 579, held, "[f]ingerprint evidence is the strongest evidence of identity and is ordinarily sufficient alone to identify the defendant."

Defendant's contention that an eyewitness is necessary to uphold a conviction is without merit. Indeed, the criminal justice system would be hard pressed to have an eyewitness present at the scene of every crime. Further, it is up to the trier of fact, not this Court, to determine if the defendant's explanation of the presence of his fingerprints is to be believed. Again, in Gardner, the court held: "The jury is entitled to draw its own inferences as to how the defendant's prints came to be on the bag and when (see People v. Wise, 199 Cal.App.2d 57, 59-60, 18 Cal.Rptr. 343) and to weigh the evidence and opinion of the fingerprint experts." 457 P.2d at 579.

The State introduced other evidence showing: the defendant had a motive (i.e., he testified he disliked the guard and had threatened him at least twice the day of the incident); the defendant's cell was located behind the place where the guard was standing; the plastic tube in the defendant's cell was not secured to the wall; and the defendant

knew how to use the apparatus. When this evidence, though circumstantial, is viewed in a light most favorable to the State, there is no doubt that the conclusion reached by the trier of fact was a reasonable one.

In State v. Fitzpatrick (1973), 163 Mont. 220, 226, 516 P.2d 605, 609, we held:

> "To find a person guilty beyond a reasonable doubt, each fact in a chain of circumstances that will establish guilt need not be proven beyond a reasonable doubt. What must be proved is that there is not reasonable doubt arising from consideration of all the evidence in the case. State v. Medicine Bull, Jr., (1968), 152 Mont. 34, 445 P.2d 916; People v. Eddy (1954), 123 Cal.App.2d 826, 268 P.2d 47, 52; People v. Kross (1952), 112 Cal.App.2d 602, 247 P.2d 44, 51; People v. Diebert (1953), 117 Cal.App.2d 410, 256 P.2d 355, 362."

*JH Deibert*

Finally, defendant argues that the only evidence the State used to convict was circumstantial in nature. In State v. Cor (1964), 144 Mont. 323, 326-327, 396 P.2d 86, 88, this Court held:

> "Circumstantial evidence is not always inferior in quality nor is it necessarily relegated to a 'second class status' in the consideration to be given it. The very fact it is circumstantial is not a sufficient allegation to justify a reversal of the judgment for such evidence may be and frequently is, most convincing and satisfactory. In any criminal case, evidence that is material, relevant and competent will be admitted, 'nothing more and nothing less.' The test is whether the facts and circumstances are of such a quality and quantity as to legally justify a jury in determining guilt beyond a reasonable doubt. If such be the case, then the court should not, indeed cannot, set aside the solemn findings of the trier of the facts."

It is clear that a conviction may rest on circumstantial evidence as easily as it rests on direct evidence.

-6-

The State met its burden of proof, and the judgment of the trial court is affirmed.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justice