No. 83-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

SEVERIANO PAPIO SOTELO,
a/k/a PETE SOTELO,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brad L. Belke argued, Butte, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Jim M. McLean argued, Asst. Atty. General, Helena
John P. Connor, Jr. argued, County Attorney, Boulder,
Montana

Submitted: January 9, 1984

Decided: April 3, 1984

Filed: APR 3 1984

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant Severiano Papio Sotelo appeals a jury verdict finding him guilty of mitigated deliberate homicide. We reverse and remand for a new trial.

On July 27, 1982, in Wickes, Montana, a fight occurred between Sotelo and Michael Day. Day died a number of days after the incident. Sotelo was arrested and eventually charged with deliberate homicide. Following trial, the jury found Sotelo guilty of mitigated deliberate homicide.

Sotelo raises the following issues on appeal:

1. Did the District Court err in refusing to give a negligent homicide instruction?

2. Did the District Court err in refusing to grant Sotelo's motion for a continuance of the trial?

With regard to the issue of the negligent homicide instruction, the relevant statutes are as follows:

> "45-5-102. Deliberate homicide. (1) Except as provided in 45-5-103(1), criminal homicide constitutes deliberate homicide if:
>
> "(a) it is committed purposely or knowingly; . . .
>
> "45-5-103. Mitigated deliberate homicide. (1) Criminal homicide consitutes mitigated deliberate homicide when a homicide which would otherwise be deliberate homicide is committed under the influence of extreme mental or emotional stress for which there is reasonable explanation or excuse. The reasonableness of such explanation or excuse shall be determined from the viewpoint of a reasonable person in the actor's situation.
>
> 45-5-104. Negligent homicide. (1) Criminal homicide constitutes negligent homicide when it is committed negligently."

2

Further, "negligently" is defined under section 45-2-101(37),
MCA, as:

> ". . . a person acts negligently with respect to a result or to a circumstance described by a statute defining an offense when he consciously disregards a risk that the result will occur or that the circumstance exists or when he disregards a risk of which he should be aware that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. 'Gross deviation' means a deviation that is considerably greater than lack of ordinary care. Relevant terms such as 'negligent' and 'with negligence' have the same meaning."

The question is whether a defendant is entitled to an instruction regarding a lesser included offense. Sotelo maintains that negligent homicide in this instance was a lesser included offense of the deliberate homicide charge. The rule is that the District Court's instructions must cover every issue or theory having support in the evidence, and the inquiry of the District Court must only be whether or not any evidence exists in the record to warrant an instruction. State v. Buckley (1976), 171 Mont 238, 557 P.2d 283,

In this case, failure to instruct on negligent homicide constitutes reversible error. There was evidence in the record that Sotelo only kicked Day in an attempt to free his leg when Day grabbed him. Furthermore, the evidence is not at all clear on the exact cause or causes of Day's death. Clearly, Day had been drinking heavily before the altercation occurred. There is conflicting evidence in the record as to exactly what blows were inflicted by Sotelo upon the victim and the reasons for the blows. The determination of these facts are jury questions, and it is a "fundamental rule that

3

the court's instructions should cover every issue or theory having support in the evidence." State v. Bouslaugh (1978), 176 Mont 78, 576 P.2d 261, Because of the conflicting evidence regarding the fight and also because of the uncertainty as to the exact cause of the victim's death, there was evidence in the record to support a negligent homicide instruction. By refusing to give such an instruction, the District Court erred and, accordingly, we reverse and remand for a new trial.

Addressing the second issue, appellant argues that he was deprived of his right to a fair trial and to effective assistance of counsel due to the District Court's failure to grant a motion for a continuance. The facts leading up to this motion are as follows:

Sotelo's initial attorney was relieved of duty on December 14, 1982. Sotelo's present counsel was asked if he would take the case on December 16, 1982. Counsel responded that he would prefer not to take Sotelo's defense because he would be out of town until December 30, 1982, and had briefs due in this Court on January 10 and 15 as well as another homicide case in Jefferson County. Counsel finally agreed to allow his name to be added to the list of available attorneys. On December 20, 1982, while he was out of town, counsel was appointed Sotelo's defense attorney. He learned of his appointment on December 30 when he returned. On January 3, 1983, Judge Davis set trial for January 24. Counsel was notified of the trial date on January 5. On January 10, counsel had a telephone discussion with Judge Davis regarding the necessity of a continuance. On January 12, counsel met with Sotelo's prior counsel and also discussed the need for a continuance with the prosecution. Thereafter, counsel

4

prepared a motion for a continuance and supporting affidavit. The motion was heard and denied on January 17, the next available court date. In the seven days remaining before trial, counsel was able to interview only eight of the State's twelve witnesses and was unable to locate possible defense witnesses. Counsel was also unable to interview the State's pathologist prior to trial.

Section 46-13-202, MCA, governs motions for a continuance. It states:

> "Motion for a continuance. (1) The defendant or the state may move for a continuance. If the motion is made more than thirty days after arraignment or at any time after trial has begun, the court may require that it be supported by affidavit.
>
> "(2) The court may upon the motion of either party or upon the court's own motion order a continuance if the interests of justice so require.
>
> "(3) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant. This section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the state to a speedy trial."

Clearly, it is discretionary with the District Court whether or not to grant a continuance and the statute provides guidelines for the court's consideration.

Here, there is no question of defense counsel's diligence. The State admits counsel was diligent but argues that it would have been inconvenient for the State to re-subpoena its witnesses. Additionally, there was no contention by the State that any of its witnesses would be unavailable if the trial were continued.

5

While there is no doubt that the State has a right to a speedy trial, the defendant's right to a fair trial must take precedent over the State's right--especially when the defendant has waived his right to a speedy trial as is the case here.

Article II, Section 24 of the Montana Constitution provides certain rights to a person accused of a crime. Included in these rights is the right to appear and defend in person and by counsel; to meet the witnesses against him face to face; and to have process to compel the attendance of witnesses in his behalf. In addition to the rights specifically enumerated in the Montana Constitution, the accused is entitled to effective assistance of counsel on his behalf. If counsel is diligent yet has not been afforded sufficient time to prepare a defense, the accused's specific rights have been violated and his general right to a fair trial has been denied.

We find that under the circumstances presented by this case that the refusal to grant the continuance was an abuse of the court's discretion. Some of the factors we have considered in reaching this conclusion are as follows: counsel requested a four-week continuance which was reasonable under the circumstances; there was no showing that there would be prejudical interference with the presentation of the State's case if such a continuance were granted; the continuance was requested for legitimate reasons; defense counsel was diligent in the preparation of his case; the defendant's right to a speedy trial would not be violated with the continuance; the defendant's right to effective assistance of counsel and the demands of justice require the continuance.

6

We commend the District Court's concern with the amount of time the defendant had been in jail awaiting trial; however, defendant had signed a waiver of his right to a speedy trial. We also note that it developed on oral argument the District Court, by refusing to grant the continuance, was attempting to halt the practice of unreasonable delay. We also commend this attitude. However, when a continuance is requested, and that request is reasonable given all the relevant factors including defendant's right to a fair trial and effective assistance of counsel, it constitutes abuse of discretion for the court to refuse to grant the continuance.

In summary, we reverse and remand this matter for a new trial on two grounds: (1) failure to give the negligent homicide instruction; and (2) failure to grant a continuance under the circumstances presented here.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

7

L. C. Gulbrandson.
Justices

-8-