No. 84-338

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

      Plaintiff and Respondent,

      -vs-

CARL ROGER LUNDBLADE,

      Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Moses Law Firm; Jay F. Lansing, Billings, Montana

      For Respondent:

            Hon. Mike Greely, Attorney General, Helena, Montana
            John Forsythe, County Attorney, Forsyth, Montana

Submitted on Briefs: October 18, 1984

Decided: November 28, 1984

Filed: NOV 28 1984

*Ethel M. Harrison*

—————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the opinion of the Court.

Following a jury trial in the Sixteenth Judicial District Court of Montana, defendant Carl Roger Lundblade was convicted of the offense of sexual intercourse without consent and sentenced to ten years in the Montana State Prison, with five years suspended. Defendant requested a continuance of his trial on seven occasions. All motions were denied. Defendant now appeals the denials of his motions for a continuance. We reverse and remand the cause to the District Court for a new trial.

An information was filed December 2, 1983, charging defendant with the offense of sexual intercourse without consent. The offense allegedly occurred the night of November 29, 1983. Defendant retained Mr. Kenneth Wilson as his attorney and on December 9, 1983, pled not guilty to the charge. Mr. Wilson continued to represent defendant until a disagreement arose between the two concerning the handling of a hearing on the State's motion to forfeit bond. Two days after that hearing, May 2, 1984, defendant released Mr. Wilson as his attorney.

On May 3, 1984, defendant contacted Mr. Anthony Savage, an attorney in Seattle, Washington, and requested Mr. Savage to represent him. Savage declined to do so, unless the District Court would grant a continuance to allow him sufficient time to prepare the case. Defendant moved for a continuance on May 8. The following day, Mr. Wilson filed his motion to withdraw as counsel for defendant and requested the trial be vacated in order to provide substitute counsel with sufficient time to prepare the case. Wilson's motion to withdraw was granted and defendant's motion for a continuance was denied on May 11, 1984.

Trial was set to begin on Monday, May 14, 1984. Over the weekend, defendant attempted to secure Mr. Charles F. Moses as his attorney, to no avail. The morning of trial,

defendant appeared without an attorney and moved for a continuance. The motion was denied.

Voir dire commenced and a jury was selected and sworn on the morning of May 14, 1984. One of the selected jurors had a sister whom had been sexually assaulted. At the noon recess defendant again moved for a continuance and waived his right to a speedy trial. He further stated that he was unable to afford an attorney. The court denied the motion but agreed to appoint Mr. Garry Bunke as defendant's attorney.

Mr. Bunke accepted the case and appeared as defendant's counsel after the noon recess on May 14, 1984. Mr. Bunke moved for a continuance on the ground that defendant had not contacted him until 11:30 a.m. the morning of trial. The motion was denied and the trial proceeded. On May 16, 1984, the jury found defendant guilty of the offense charged.

The singular issue on appeal is whether the District Court abused its discretion in refusing to grant defendant's motion for a continuance of the trial.

Motions for a continuance are governed by section 46-13-202, MCA, which states:

> "Motion for a continuance. (1) The defendant or the state may move for a continuance. If the motion is made more than 30 days after arraignment or at any time after trial has begun, the court may require that it be supported by affidavit.
>
> (2) The court may upon the motion of either party or upon the court's own motion order a continuance if the interests of justice so require.
>
> (3) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant. This section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the state to a speedy trial."

Thus our first determination becomes the diligence of defendant. The State argues that we should look at the overall diligence of defendant in determining over a six-month period of time that he and his attorney, Kenneth Wilson, were incompatible. However, it was not until the April 30, 1984, hearing that defendant was made fully aware of that incompatibility. The trial judge recognized it when he agreed to allow Mr. Wilson to withdraw as defendant's attorney. The same circumstances existed in State v. Blakeslee (1957), 131 Mont. 47, 306 P.2d 1103, where we held that given such an incompatibility, "it is of no moment how much time the defendant and his original attorney had had to prepare for trial." Blakeslee, 131 Mont. at 51, 306 P.2d at 1105. The diligence we must look to is that of defendant once he recognized the incompatibility. Defendant's efforts to secure new counsel were as diligent as possible. His efforts were thwarted due to lack of time, not lack of diligence.

Defendant also expressed a willingness to waive his right to a speedy trial. In response, the trial judge stated that such a waiver did nothing to protect the State's right to a speedy trial. However, "[w]hile there is no doubt that the State has a right to a speedy trial, the defendant's right to a fair trial must take precedence over the State's right -- especially when the defendant has waived his right to a speedy trial as is the case here." State v. Sotelo (Mont. 1984), 679 P.2d 779, 782, 41 St.Rep. 568, 571.

Defendant's right to a fair trial includes his constitutional right to appear and defend in person and by counsel. Mont. Const. Art. II, Section 24. In giving this right effect, it is not sufficient to merely appoint an attorney. That attorney must be granted sufficient time to both become familiar with and prepare defendant's case. "The rule which

4

gives him the right to counsel also means that counsel shall be given a reasonable time to prepare before trial." Blakeslee, 131 Mont. at 54, 306 P.2d at 1106.

Finally, the denial of a motion for a continuance cannot be reversed absent a showing of resultant prejudice to the defendant. State v. Kirkland (1979), 184 Mont. 229, 235, 602 P.2d 586, 590. In this case, requiring defendant to go to trial and conduct voir dire without counsel and then to continue trial with counsel who was denied any time in which to prepare, denied defendant his constitutional right to a fair trial. That denial is sufficient prejudice to warrant a finding of abuse of discretion by the trial judge. State v. Bradford (1978), 175 Mont. 545, 549, 575 P.2d 83, 86.

Defendant's conviction is reversed and this cause is remanded to the District Court for a new trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice L. C. Gulbrandson:

I concur in the result.

_____
Justice