No. 85-482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CARL ROGER LUNDBLADE,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable A. B. Martin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm; Jay F. Lansing, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
John S. Forsythe, County Attorney, Forsyth, Montana

Submitted on Briefs: Jan. 9, 1986

Decided: April 25, 1986

Filed: APR 25 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a conviction of sexual intercourse without consent, after a jury trial. We modify the judgment of the District Court for Rosebud County.

Defendant raises several issues on appeal, but we find the following issue dispositive:

Was the evidence before the jury sufficient to sustain defendant's conviction of sexual intercourse without consent?

Defendant and the victim, and their respective families, were acquaintances. At the time of the incident, the victim's husband was hospitalized. Defendant testified that he and another man went to the victim's trailer sometime between 10 p.m. and midnight to find out how the victim's husband was doing and ask the victim if she wanted some firewood. The victim was in a bedroom with two of her sleeping children when the visitors arrived. Defendant maintains that she invited him in, and that he and the victim engaged in consensual sexual acts in the bedroom until she became aware of the other man's presence, at which time she became hysterical. The victim contends that she awoke to find defendant performing oral sex on her, and that after a struggle, he left and she went to the police.

Defendant was first tried before a jury on this charge in May 1984. His conviction was overturned by this Court. State v. Lundblade (Mont. 1984), 691 P.2d 831, 41 St.Rep. 2208. The grounds for that reversal were that his counsel had not had adequate time to prepare for trial. A different district judge presided over his second trial in April 1985. This trial was also held before a jury. The defendant was reconvicted at his second trial, and was sentenced to a term of ten years at the Montana State Prison with three years suspended.

2

Defendant was charged under § 45-5-503, MCA, sexual intercourse without consent. The statute provides that "A person who knowingly has sexual intercourse without consent with a person of the opposite sex commits the offense of sexual intercourse without consent." Sexual intercourse is defined at § 45-2-101(61), MCA, for purposes of this case as:

> . . . penetration of the vulva . . . of one person by any body member of another person, . . . Any penetration, however slight, is sufficient.

Defendant argues that the elements of (1) lack of consent and (2) penetration, were not proven. He moved the court for a directed verdict both at the close of the State's case and at the close of trial. The court denied both motions.

Our standard of review on this issue is whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to permit any rational trier of fact to find that the elements of the offense were established beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319, State v. Rodriguez (Mont. 1981), 628 P.2d 280, 283, 38 St.Rep. 578F, 578I. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

The victim testified that she was sound asleep and did not consent to sexual acts with defendant. Although the defendant presented testimony which contradicted this part of the victim's testimony, we conclude that a rational trier of fact could properly resolve the conflicting testimony to find that the element of lack of consent was proven beyond a reasonable doubt. We therefore hold that there was suffi-

3

cient evidence of lack of consent to support the jury's verdict.

The evidence as to penetration, however, does not meet this standard. The only evidence which might be construed to prove penetration is the victim's testimony that when she awoke, the defendant was "performing oral sex on me" and that "I was laying down and he had his arms over my legs and his head between my legs." She was not asked to explain exactly what she meant by these statements. While we recognize that this is a delicate subject, that does not eliminate the requirement that the State prove each element of its case beyond a reasonable doubt. Our review of the victim's testimony in the light most favorable to the prosecution does not permit a conclusion that penetration of the vulva, no matter how slight, was established beyond a reasonable doubt. Because proof of penetration is a statutory requirement, we must conclude that the prosecution failed to prove a critical element of the offense of sexual intercourse without consent. We are therefore required to reverse defendant's conviction of sexual intercourse without consent. Unfortunately this establishes that the State failed to carefully examine and prove each required element of the criminal offense charged. If in fact there was no evidence of penetration available, then a lesser offense should have been charged. On the other hand, if there was evidence of penetration, it was required to be presented in order to establish the charged crime.

We must conclude that it would be improper to remand the case for retrial on the charge of sexual intercourse without consent. The State had its opportunity to prove its case and has failed to do so. Under that circumstance, it would be a violation of the constitutional protection against double jeopardy if we remanded for new trial on the same charge.

State v. Furlong (Mont. 1984), 690 P.2d 986, 990, 41 St.Rep. 2096, 2101.

Because of our reversal of the conviction on the charge of sexual intercourse without consent, it is not necessary that we consider the issues of the district court's refusal to give the Smith instruction or alleged due process violations in the sentence imposed.

Section 46-20-703, MCA, sets out the actions we may take on review of a criminal appeal. Subsection (3) provides that we may "reduce the offense of which the appellant was convicted to a lesser included offense." Although defendant was not charged with sexual assault, the jury was instructed on sexual assault as a lesser included offense to sexual intercourse without consent. Neither side objected to this instruction. The elements of sexual assault, as set forth at § 45-5-502, MCA, are 1) knowingly or purposefully subjecting another 2) not one's spouse to 3) sexual contact 4) without consent. Sexual contact is defined at § 45-2-101(60), MCA, as "any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party." The record contains evidence establishing all of the elements of sexual assault. It was undisputedly established at trial that defendant's acts were done knowingly. That defendant and the victim were not married to each other is established by the testimony of both. The element of sexual contact is established by the victim's testimony that defendant had his arms over her legs and his head between her legs and that he was performing oral sex on her. The 'without consent' element is discussed above. Defendant's own testimony establishes that the purpose of the acts was arousal or gratification of sexual

5

desire. We therefore modify the judgment by reducing the offense of which defendant is guilty to sexual assault.

This cause is remanded to the district court for the entry of a judgment finding the defendant guilty of the crime of sexual assault and for resentencing following the entry of judgment.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Frank B. Morrison dissents as follows:

I respectfully dissent to that portion of the majority opinion which allows entry of judgment finding defendant guilty of sexual assault without benefit of a jury trial.

This defendant has been twice convicted of sexual intercourse without consent. There is absolutely no evidence of penetration. The district court should have directed a verdict in favor of the defendant at the conclusion of the state's case.

Following the state's rest, the county attorney, in arguing against a directed verdict in favor of defendant, said:

> She used the words sexual assault, but she did testify on the witness stand that there was penetration in response to my question that he was licking her in the vaginal area, and that she was awakened and it's a matter of record. The testimony is that there was contact between his tongue and her genital area.

This argument was not supported by the record. In fact, the state's chief witness testified as follows:

> Answer: Well, I was sleeping and all of a sudden there was this man between my legs and -- you know, performing oral sex on me, and I said, "who is it", and he said, "it's me", and then I said, "well, what do you think you're doing", you know, and I was -- I was really -- I was really shocked and hurt and scared and he was saying things to me like, "oh, lie down, you'll enjoy this", and this kind of crap, and then --
>
> THE COURT: Can you speak up please, so we can all hear you.
>
> A. He was then -- he was pulling down my panties and I was -- I had been -- I was laying -- I had been laying down, and I was sitting up and pulling my panties up and I started cussing at him and that sort of stuff, and I told him that he was really disgusting and -- and he said -- he said, "you don't understand Mary, I love you", and I just started cussing at

7

> him some more, and then he said, "well, I
> only came over here to check if you
> needed some firewood and to find out how
> Joe was doing."

The witness gave no other testimony with respect to sexual intercourse or sexual assault.

The county attorney failed to ask any question of the witness which would indicate contact between the defendant's tongue and the witness's vaginal area. The only evidence given by the witness was that defendant was performing oral sex on her but she gave absolutely no testimony about what this meant. In absence of some explanation there would have to be a very well defined and understood meaning for the term. There is not.

I note in passing that the testimony of defendant and Steve Knight appears more credible than that of the state's witness. However, the jury apparently chose to believe the state's case and the weight of the testimony necessarily resides with the jury.

Nevertheless, I agree with the majority opinion that there is absolutely no evidence to take this case to the jury on the crime charged. The crime of sexual assault was not charged against the defendant but with the consent of defendant's counsel, the court instructed the jury on sexual assault. Apparently, defense counsel mistakenly thought that sexual assault was a lesser included offense. It is not.

The majority opinion correctly notes that the elements of sexual assault include "touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party." This is an element not required for conviction of the crime charged. Sexual intercourse without consent simply requires proof of knowledge or purpose, "penetration of the vulva",

8

and lack of consent. There are no other elements. Therefore, sexual assault is clearly not a lesser included offense.

In view of the fact that defense counsel encouraged the court to give an instruction on sexual assault, defense counsel could not now object to the giving of the instruction. The weakness with the majority's position is that the jury, in convicting defendant of sexual intercourse without consent, did not find the necessary elements for a conviction of sexual assault. The majority seems to gloss this over by finding that the necessary gratification is present in the defendant's testimony. However, the jury apparently chose not to believe any of the defendant's testimony but rather chose to believe that of the state's witness.

I know of no case supporting an appellate court entering judgment of conviction in the absence of a jury finding the essential elements of the crime. Had the jury improperly convicted defendant of sexual intercourse without consent the appellate court could enter a judgment of conviction on a lesser included offense. The appellate court could enter such a judgment because the elements of the lesser included offense would all have been found by the jury in finding defendant guilty of the more serious offense. That cannot be done in this case because the elements for proving sexual assault are different than for proving sexual intercourse without consent.

I am at a loss to understand the county attorney charging sexual intercourse without consent where there was absolutely no evidence of penetration. If this case was to be prosecuted it should have been prosecuted as a case of sexual assault.

9

This Court should dismiss the charge of sexual intercourse without consent. Jeopardy has attached. The defendant should be released.

_____
Justice