No. 88-547

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

ERIC HARRIS CATES,

       Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial,
In and for the County of Musselshell,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ira Eakin argued, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
Paul D. Johnson argued, Asst. Atty. General, Helena
Mark Murphy argued, Asst. Atty. General, Helena
Floyd A. Brower, Golden Valley County Attorney; Gerry
Higgins, Special Deputy County Attorney, Ryegate,
Montana

Submitted: November 7, 1989

Decided: February 9, 1990

Filed:

_____

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.


A jury empaneled in the District Court of the Fourteenth Judicial District, Musselshell County, found Eric Harris Cates, guilty on one count of sexual intercourse without consent with Janey Doe in violation of § 45-5-503, MCA, and guilty on a separate count of sexual assault upon Robby Roe in violation of § 45-5-502, MCA. The District Court sentenced defendant to fourteen years for sexual intercourse without consent and fourteen years for sexual assault to be served concurrently. The court suspended seven years of each sentence subject to certain conditions and defendant was given credit for time served. Defendant was designated a non-dangerous offender for the purpose of parole release. Defendant appeals his conviction for sexual intercourse without consent. Defendant did not appeal his conviction for the sexual assault on Robby Roe. We vacate and reverse defendant's conviction for sexual intercourse without consent with Janey Doe on the grounds of insufficiency of evidence.

The two issues raised on appeal are:

1. Whether sufficient evidence pertaining to the elements of § 45-5-503, MCA, supported the jury's guilty verdict of the offense of sexual intercourse without consent.

2. Whether the District Court erred in admitting hearsay statements made by a three-year-old child to her psychotherapist where the child was found incompetent to testify.

From September to November of 1987, defendant and his wife, Kathleen Harris, were employed as babysitters for a three-year-old girl, referred to as "Janey Doe," and a five-year-old boy, referred to a "Robby Roe." While Kathleen actually took care of the children, defendant had access to them during his lunch hour.

- 2 -

On November 18, 1987, Janey said to her mother, "my vagina hurts." Janey's mother examined her and discovered that Janey had a thick glob of mucous in the vaginal area, that her vagina was streaked with blood resembling blood blisters on both sides, and that she had a raw looking bruise in her vagina. The following day, Janey's mother took her to be examined by a pediatrician. The pediatrician diagnosed Janey's injuries as consistent with evidence of sexual molestation.

On February 26, 1988, defendant was charged by information on Count I with sexual intercourse without consent in violation of § 45-5-503, MCA, or, in the alternative, with sexual assault in violation of § 45-5-202, MCA, against Janey, and on Count II with sexual assault in violation of § 45-5-502, MCA, against Robby. Defendant's wife was similarly charged and separate trials were ordered.

On June 27, 1988, defendant filed a motion in limine requesting the District Court to exclude out-of-court statements made by the children to any witness. On July 1, 1988, a hearing was conducted concerning the motions. During the hearing, the District Court concluded that Janey was not competent to be a witness at trial after she declined to speak to the District Court judge both in open court and in chambers. The court found that she was "mute out of fear." Robby was found to be a competent witness.

A jury trial commenced on July 8, 1988. Several witnesses testified including Janey's mother, Janey's pediatrician and Robby. Janey's mother testified that Janey said her "vagina hurts" and that Janey had been consistently complaining about soreness for six to eight weeks. She also testified that she examined Janey and then took her to the pediatrician. Janey's pediatrician testified that Janey's vagina looked fine externally but internally there were

- 3 -

injuries such as bruises and abrasions. She stated that from the medical evidence:

> [Janey] has had some blunt, penetrating type trauma directly to that [inner] area. It means that there has not been any fall or hit or anything accidentally that was done to her. This area had to be opened up and had to have been injured by opening her up.

The pediatrician testified that, in her opinion, the injuries had been caused within a week of Janey's examination and that she diagnosed Janey's injuries as consistant with evidence of sexual molestation.

Robby testified that during lunch-time, Eric "played the touch game" touching Robby's penis and putting "his hand . . . up my butt." He further testified that he saw Eric touch Janey's vagina "[a] lot of times."

After conclusion of the evidence, the court instructed the jury that, should it find defendant guilty of either sexual intercourse without consent or sexual assault, he must be found not guilty of the other. On July 12, 1988, the jury returned a verdict of guilty on Count I for sexual intercourse without consent in violation of § 45-5-503, MCA, and not guilty of sexual assault under § 45-5-502, MCA, for his offense against Janey. Defendant was found guilty on Count II for sexual assault in violation of § 45-5-502, MCA, for his offense against Robby.

The court sentenced defendant to fourteen years in the Montana State Prison on each count to run concurrently. Seven years of each sentence was suspended subject to certain conditions. Defendant was given credit for time served and designated a non-dangerous offender for the purpose of parole release. Defendant appeals his conviction on Count I for sexual intercourse without consent under § 45-5-503, MCA.

The first issue raised on appeal is whether there is sufficient evidence of the elements of § 45-5-503, MCA, to

support the jury's guilty verdict of the offense of sexual intercourse without consent.

Defendant was convicted of sexual intercourse without consent under § 45-5-503, MCA, which provides in part:

> A person who knowingly has sexual intercourse without consent with a person of the opposite sex commits the offense of sexual intercourse without consent.

Sexual intercourse is defined under § 45-2-101(61), MCA, as:

> [The] <u>penetration</u> of the vulva, anus, or mouth of one person by the penis of another person, <u>penetration</u> of the vulva or anus of one person by any body member of another person, or <u>penetration</u> of the vulva or anus of one person by any foreign instrument or object manipulated by another person for the purpose of arousing or gratifying the sexual desire of either party. Any <u>penetration</u>, however slight, is sufficient. (Emphasis added.)

Defendant argues that while there is medical evidence that Janey was penetrated, there is not sufficient credible evidence, that it was <u>he</u> who committed the act of penetration. Establishing penetration is an essential element to proving sexual intercouse without consent. The standard of review in such a case is:

> [W]hether the evidence, viewed in the light most favorable to the prosecution, is sufficient to permit any rational trier of fact to find that the elements of the offense were established beyond a reasonable doubt.

State v. Lundblade (1986), 221 Mont. 185, 187, 717 P.2d 575, 577. Here, the evidence is not sufficient to establish that it was defendant who committed the act of penetration. While Robby did testify that he saw defendant touch Janey's vagina "[a] lot of times" he never testified to what he meant by the statement and this Court cannot infer that he was describing an act of penetration.

The jury specifically found defendant not guilty of the charge of sexual assault with Janey. Therefore, defendant

- 5 -

cannot be retried on that charge. Defendant did not appeal his conviction for the sexual assault upon Robby Roe.

Because of our holding on the first issue, we need not discuss the second issue of whether the District Court erred in admitting hearsay statements made by a three-year-old child to her psychotherapist where the child was found incompetent to testify.

We vacate and reverse defendant's conviction for sexual intercourse without consent with Janey Doe on the grounds of insufficiency of evidence.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
Justices

_____
Hon. Henry Loble, District
Judge, sitting for
Justice Diane G. Barz.

_____
Hon. Jeffrey Sherlock,
District Judge, sitting for
Justice R. C. McDonough.

- 6 -

Justice Fred J. Weber dissenting:

Our basic issue is whether there is substantial evidence to support the conviction. The test has been stated as follows:

> A conviction cannot be overturned when the evidence, viewed in the light most favorable to the prosecution would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed. 560, 573; State v. Godsey (1982), 202 Mont. 100, 656 P.2d 811, 39 St.Rep. 2354, 2358. If the record shows any substantial evidence to support the judgment, the presumption is in favor of such judgment. State v. Shurtliff (1981), 195 Mont. 213, 635 P.2d 1294, 1296, 38 St.Rep. 1798, 1800.

State v. George (1983), 203 Mont. 124, 130, 660 P.2d 97, 100. In addressing this issue, the majority has improperly focused on the lack of direct proof demonstrating that defendant was the one who penetrated the child's vagina. I dissent to point out that direct proof of penetration by the defendant was not necessary to conviction. Further, circumstantial evidence pointing to defendant's penetration was established.

The majority opinion cites Lundblade as authority that the evidence in the present case is insufficient to convict. However, Lundblade is distinguishable and is not good authority in the present case. In Lundblade there was no evidence of penetration, an element of the offense. In the present case, penetration was definitely established. The

7

pediatrician testified that Janey's vagina had recently been opened up, causing injuries consistent with sexual molestation. The only issue was the identity of the perpetrator.

The present case is more closely analogous to State v. Pendergrass (1978), 179 Mont. 106, 586 P.2d 691, on remand, 189 Mont. 127, 615 P.2d 201 (1980). In Pendergrass II, defendant made a similar challenge to the sufficiency of the evidence to prove sexual intercourse without consent. Noting that "there is no question that a rape occurred," the majority in Pendergrass then detailed the evidence which tended to prove Pendergrass committed the crime. This Court found sufficient evidence to convict in the testimony that defendant's red pickup was parked near the convenience store where the offense occurred, a witness saw a man closely resembling defendant in the store; the defendant's blood type matched that of the perpetrator.

As in Pendergrass, here there is no question that a rape (sexual intercourse without consent) had occurred. The only question is the identity of the perpetrator. The evidence established that defendant was with Janey during his lunch hour on many occasions. Robby testified that he saw defendant touch Janey's vagina a lot of times. Robby also testified that defendant played the touch game and put his hand up his [Robby's] butt. I conclude that the evidence

here more closely identifies the defendant as being the perpetrator because of his action which at least constituted sexual assault. In contrast, the evidence in Pendergrass did not establish any such close connection. Nonetheless in Pendergrass this Court stated:

> ". . . This Court remains ever mindful of one fundamental rule--that questions of fact must be determined solely by the jury, and that given a certain legal minimum of evidence, this Court on review will not substitute its judgment for that of the jury . . ."

Pendergrass, 615 P.2d at 205.

My conclusion is further strengthened by Montana's statutory definition of "sexual intercourse." As noted in the majority opinion, a penetration of the vulva by any body member falls within the definition of sexual intercourse. The statute further states that "[a]ny penetration, however slight, is sufficient." (Emphasis added.) In view of this broad definition, Robby's testimony as to defendant's touching Janey's vagina is actually strong evidence that he penetrated her.

I would affirm the conviction.

Justice

9