JUSTICE RICE
concurring in part and dissenting in part.
¶74 I concur with the Court in affirming the conviction of sexual *68 intercourse without consent with respect to Darlene and the convictions of sexual assault with respect to Jennifer, Elizabeth and Tahra. I further concur with the Court’s holding on the evidentiary question in Issue 3. I dissent from the Court’s reversal of the convictions of sexual intercourse without consent with respect to Jody and Erin, and therefore would not reach the issue of the lesser included offense in regard to them.
¶75 The Court concludes that, under the statute, sexual intercourse with a sleeping victim is “without consent,” but that sexual intercourse with a victim in a “sleep-like” state is not “without consent.” Thus, the Court affirms the conviction with respect to Darlene, to whom the Court ascribes sleep but with “some sensory perception,” but reverses the convictions with respect to Jody, who was in a deep “sleep rem stage,” and Erin, who drifted in and out of sleep, and, as the Court notes, was “almost asleep” when violated. The Court thus ignores the admonition in Woodward v. Commonwealth (Va. Ct. App. 1991), 402 S.E.2d 244,246, that “common experience tells us that sleep is not an all or nothing condition,” which is painfully obvious here, and creates an artificial line at sleep’s first moment that is neither realistic nor mandated by the statutes. Contrary to the Court’s analysis, determining whether the victim was “physically helpless” is not a question of “sleep vs. awake”-terms which the statute does not mention-but rather, whether a rational jury could find that the victim was “otherwise physically unable” to refuse intercourse. I would find a rational jury could, and did, so conclude from the evidence presented here.
¶76 The Court’s reliance on State v. Haser, 2001 MT 6, 304 Mont. 63, 20 P.3d 100, is misplaced. The Haser Court properly rejected the State’s argument that the victims there had been lulled into a state analogous to sleep or intoxication simply because the facts were to the contrary. The Haser victims were fully alert and participated in a photo shoot wherein they repeatedly responded to the photographer-defendant’s instructions to change their pose. The instructions to change positions were accompanied by Haser’s inappropriate sexual touching. In this case, there was no such “eyes wide open” participation by an alert victim. To the contrary, the victims here were reclined comfortably in a room with soft music playing, were deeply relaxed and had fallen into the above-described sleep-like conditions. I thus disagree with the Court’s conclusion that the “circumstances of this case resemble those in Haser” and find that the State’s argument in this matter to be substantially more compelling than it was in Haser.
*69 ¶77 The circumstances in this case more closely resemble those in State v. Lundblade (1986), 221 Mont. 185, 717 P.2d 575, and State v. Graves (1995), 272 Mont. 451, 901 P.2d 549, where we upheld jury determinations that sexual intercourse with victims during their respective conditions of sleep and intoxication was “without consent” because of their physical helplessness. Further, as the Court here acknowledges, and endorses by affirming the conviction with respect to Darlene, even a sleeping victim with some sensory perception can be found to be “physically helpless.” Consequently, the Court, instead .of attempting to apply a bright-line rxile to such variable states of consciousness, should recognize that whether a victim is “otherwise physically unable” to communicate her refusal is a matter of the victim’s particular consciousness and is a factual question for the jury to determine.
¶78 Applying § 45-1-102(1), MCA, which, for purposes of penal statutes, sets aside the common law rule that statutes are to be strictly construed and requires penal provisions to be construed according to the fair import of their terms with a view to effect its object and to promote justice, I would reject the “how deep must sleep be?” quagmire adopted by the Court and allow juries to determine the victim’s consciousness in accordance with the terms of the statute-whether the victim was “otherwise physically unable” to refuse-based upon the facts of each case. “The state of the victim’s physical helplessness at any given moment is largely a question of fact....” People v. Teicher (N.Y. 1981), 422 N.E.2d 506, 511. Viewing the evidence here in a light most favorable to the prosecution, I conclude that the jury rationally could have found the elements of the crime beyond a reasonable doubt, including physical helplessness, and would affirm the convictions of sexual intercourse without consent with respect to Jody and Erin.