SUSANNE GREELEY vs. FRED L. GREELEY, Executor.

Androscoggin.    Opinion July 9, 1920.

*Promissory note.   Genuineness of signature.   Legal consideration.   Parol evidence.
Burden of proof.   A promise a valuable consideration.*

A promissory note given by the maker to the payee, upon the promise of the latter
to the former that she would hold herself in readiness to come to his home in his
last days, whenever he might request, is supported by a valuable consideration.

On report.   Assumpsit on a promissory note given to plaintiff by
defendant's testate, Cyrus Greeley.   Plea, general issue, with a brief
statement alleging that the signature to the note is not the signature
of defendant's testate: and that further the alleged note was without
a valuable consideration.   Judgment for plaintiff for $9,900, and
interest from date of the writ.

Case stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*White, Carter & Skelton, and George C. Wing,* for defendant.

SITTING:   SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DUNN, J.   At the basis of this suit there lies a non-negotiable
promissory note.   It reads:

"Lewiston, Maine, Sept. 5, 1912.

$10000.

For value received I promise to pay Susanne Greeley the sum of
Ten thousand dollars with out interest.

CYRUS GREELEY."

In her writ, framed against defendant as executor of Mr. Greeley's
will, plaintiff sets out that the note remains unpaid, excepting as to
the sum of one hundred dollars, endorsed at a time when the maker
was living.   At the trial there was concession that the notary, resid-
ing outside this State, before whom preliminary proof of claim was
sworn, had authority to administer oaths.   Save as to that, it

devolved on plaintiff to prove her case, step by step. Genuineness of signature to the instrument is beyond dispute. Body of the note is in handwriting other than that of the signer, but the record does not indicate whose. Nor is it shown by whom endorsement of partial payment was made. Supplemental to the presumption, arising from her actual possession of the note, that it was delivered to her on the day of its date, there is uncontradicted evidence that, for a year at least just before the death of the maker, the note was with payee's agent for safe-keeping. The prepositional phrase. "For value received," which introduces the promise relied on, bespeaks that material cause moved the maker to give the note existence, and affords presumptive evidence of consideration. *Bourne* v. *Ward*, 51 Maine, 191; *Small* v. *Clewley*, 62 Maine, 156; *Morrison* v. *Brown*, 84 Maine, 82; *Palmer* v. *Palmer*, 112 Maine, 149; *Palmer* v. *Blanchard*, 113 Maine, 380. But defendant offered evidence tending otherwise. Against such evidence plaintiff introduced other evidence substantiating the life and essence of her cause. A promise, not under seal, must be supported by a legal consideration. An instrument given without consideration does not create any obligation in favor of the payee named therein. *Corlies* v. *Howe*, 11 Gray, 125. As between the immediate parties, or parties having the same relative rights, the consideration of a simple contract may be the subject of inquiry. *Folsom* v. *Mussey*, 8 Maine, 400. A promissory note occupies no higher sphere than any other record of a contract in writing. Oral evidence is admissible, as between the original parties, to show that a writing in the form of a negotiable instrument, and of which there has been manual tradition, did not in fact become a binding obligation. *Burke* v. *Dulaney*, 153 U. S., 228; *Sturtevant* v. *Randall*, 53 Maine, 149; *Smith* v. *Morrill*, 54 Maine, 48; *Bradford* v. *Prescott*, 85 Maine, 482. This rule does not impinge the principle that a writing cannot be varied or contradicted by parol. The distinction is, that evidence to vary the terms of a written contract is not admissible, but evidence that there is no agreement at all is admissible. *Ware* v. *Allen*, 128 U. S., 590; *Wilson* v. *Powers*, 131 Mass., 539.

Burden of making proof of consideration is on the plaintiff. *Small* v. *Clewley*, supra; *Huntington* v. *Shute*, 180 Mass., 371. She must prove that valuable consideration furnished motive or inducement for the note. *Maynard* v. *Maynard*, 105 Maine, 567. The parties did not testify. No person gave evidence from personal knowledge

of the original affair.   No one was called who could bear witness that defendant's testator had specifically told him about it.   Maker and payee of the note were cousins, in degree once removed.   He was of advanced years and in easy financial situation.   She, a Maine girl grown to womanhood, employed in Rhode Island as school teacher. For years, while at home through vacation seasons, it was customary for her to visit at the Greeleys.'   A sister of plaintiff testified that, on one day some ten months after the date of the note, and soon after the making of his will, Mr. Greeley, in acquainting her with the provisions of a voluntary trust created by him for her benefit, said, incidentally, I esteem you and Susanne before my other relatives. And, forasmuch as Susanne has promised to hold herself in readiness to come to me in my last days, whenever I may request, I have made provision for her.   This witness was already designated to receive, in addition to the trust, a legacy under decedent's will; the trust and legacy together eventually investing her with money equal in amount to that called for by the note.   Susanne is not mentioned in that will. Of trust she does not appear as beneficiary.   Proof there is none of provision differently from the note for her.   Testator's cash-book, so a witness said, is without entry concerning the note.   One would scarcely expect such transaction to be set down in writing among cash receipts and disbursements, unless it had immediately to do with money.   This note had not yielded cash to him who made it, and he had not been called upon to pay out money in redemption of the promise which it carried.   It therefore, would seem to be yet without dignity to be listed with cash items.   There is significance in the testimony of the witness that he failed, on careful examination, to find entry on the cash-book corresponding to the purported partial payment on the note.   The entry may have been omitted by mistake; perhaps by design, as one not related to business dealings; and it is possible, though it seems improbable, that it may have been in form which the witness did not recognize and identify.   But mere absence of the entry does not conterbalance affirmative proof in the case. Another sister of plaintiff testified, though not so minutely as the first, that Mr. Greeley told her of his affection for Susanne, of her promise to come to him as he neared life's end, and that he had provided for her.   Defendant argues that the testimony of these sisters tasks credulity; that their stories apparently are designed so exactly to fit imperative requirement as to make the utterance of each its own refuta-

tion. Not so. There is precision in their statements, but precision is entirely consistent with the most scrupulous veracity, and truth naturally weaves a fine and closely fitting web. Their testimony impresses belief. From the tenor of Mr. Greeley's words, as reflected in plaintiff's portrayal of this case, inference is warranted that, in speaking of provision made by him for Susanne, he referred to the note in suit. If he had aught else in mind, it remains under impenetrable cover.

The note is not wanting valuable consideration. A promise can support a promise. Met. Con. 211. *Saco Manufacturing Company* v. *Whitney* , 7 Maine, 256; *Babcock* v. *Wilson*, 17 Maine, 372. Cyrus Greeley promised Susanne Greeley to pay her ten thousand dollars on demand, or the same thing. On Susanne's part, there was concurrent binding promise to the maker of the note, and for the note, to hold herself in readiness to come to his home, in the twilight of his days, whenever he might request. The one promise underlying the other, but neither precedent to the other. Mutual, yet independent, promises. *Waterhouse* v. *Kendall*, 11 Cush., 128. Each promisor, as promisee, had the right at once to hold the other to a positive agreement. *Preble* v. *Hunt*, 85 Maine, 267. There is distinction, well defined and understood, between delivery of a note by maker to payee to have full effect at once, and delivery thereof made to depend, on its going into operation, upon events to take place. In the one instance, the note would be a valid obligation from the moment of tradition; in the other, there would remain some essential prerequisite to endue the note with life. *Ware* v. *Davis*, supra.

The vital feature for which this note was given was that Susanne agreed to hold herself in readiness to do something in behalf of the maker. The consideration necessary to support the note is not performance of what she agreed to do, but her agreement to perform. For that agreement Cyrus Greeley paid. He made and delivered the note to command sympathetic companionship for himself when he would. The record is silent of delivery on contingency. Had Miss Greeley refused to perform her undertaking there would have been failure of consideration, complete or pro tanto. Absence of consideration, rather than failure of consideration, is the reliance of the defense. However, it is only fair to say there is no evidence that

plaintiff was unable to comply, or that she refused to comply, with her outstanding agreement. On the contrary, there is testimony that she held herself ready. And that, from the time in 1915, that her sister went to Mr. Greeley's house to live, until the latter's death in the following year, plaintiff made five different little visits at her cousin's home; a late, if, indeed, not the very latest of these visits, at the express request of Mr. Greeley, approved by his then recently appointed guardian. While his health permitted, Mr. Greeley and Susanne talked over the old days, played cards and checkers, and together went to walk. It is easy to see, in the light of what happened, that these visits did not interfere with plaintiff's engagements as school teacher, and that the note may be generous payment for the agreement into which she entered. Much may have been left to her option, and of adequacy of consideration, maker of the note alone was judge. The estimate of value placed by him on his cousin's agreement should not be disturbed.

It is our decision, that the note in suit is enforceable against the maker's estate. The conclusion is supported by authority in the field of precedents. *Pierce* v. *Stolhand*, (Wis.), 124 N. W., 259, was an action on a promissory note given in part payment of services to be performed. Defendant set up want of consideration. Said the court: "There is no doubt but that the agreement to perform the services was a sufficient consideration for the note." A promise to deliver coal sufficiently supported acceptance of a draft for the purchase price, in *Tradesmen's Nat'l. Bank* v. *Curtis*, 167 N. Y., 194. A note upon consideration payee would provide maker a home as long as he lived was held valid, notwithstanding that the maker also paid a weekly sum for board. In re Phile, 14 Phila., 330. In *Earle* v. *Angell*, 157 Mass., 294, defendant's testatrix said to plaintiff, "If you will agree to come to my funeral, I will give you five hundred dollars." Plaintiff promised to come if alive and notified in time. The court said, "We cannot say that this did not warrant a finding of promise for promise." In *Sharon* v. *Sharon*, (Cal.), 8 Pac., 614, an agreement to pay money was held valid, by a consideration that the person to whom the money was promised should cease to disturb or annoy or make demands upon the promisor. In *Traver* v. *Stevens*, 11 Cush., 167, it was held that the payee of a promissory note, the consideration of which was the payee's promise to the maker to

deliver up another note he held against him, might recover on the one without proof of having surrendered the other.

Manifestly, the note in suit is a valid, unredeemed obligation, resting on a valuable consideration.    The entry will be,

> *Judgment for plaintiff for $9900.00 and interest from the date of the writ.*