STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-CIV-2023-00031

SEVERIN M. BELIVEAU, ESQ., et al.,      )
                                        )
   Plaintiffs/Counterclaim-Defendant,   )
                                        )        ORDER DENYING PLAINTIFF
                                        )        SEVERIN M. BELIVEAU'S
         v.                             )        MOTION FOR PARTIAL
                                        )        SUMMARY JUDGMENT ON
                                        )        COUNTS V AND VI
                                        )
KEVIN J. MATTSON et al.,                )
                                        )
   Defendants/Counterclaim-Plaintiff.   )

## **<u>BACKGROUND</u>**

Before the Court is a Motion for Partial Summary Judgment brought by Plaintiff Severin M. Beliveau Esq. ("Beliveau").[1] By and through his motion, Beliveau requests this Court issue a partial summary judgment in his favor on Counts V (breach of contract) and VI (breach of guaranty) of Plaintiffs' Complaint.[2] Count V concerns a purported breach of a certain promissory note by Defendant Kevin J. Mattson (Mattson), and Count VI concerns a purported breach of a guaranty by Defendant Hailcore, LLC ("Hailcore").

Enforcement of a note and guaranty can sometimes be straightforward. This lawsuit, however, involves a complex business relationship, and within it an intricate and multifaceted transactional arrangement. Not surprisingly, the material facts are disputed and the close of discovery is still months away. At this early stage of litigation, while the record is still being developed, the question before the Court is whether Beliveau is entitled to summary judgment on

---

[1] Of note, Beliveau moved for summary judgment several months before the close of discovery, and discovery is still proceeding.
[2] The other named Plaintiff in this lawsuit is Beliveau's spouse, Cynthia Murray Beliveau. However, she is not a summary judgment movant.

1

breach of contract claims to enforce a promissory note and guaranty when there is a genuine dispute of fact regarding whether money was loaned, or consideration exchanged. As discussed below, the Court concludes the answer on this summary judgment record is "no," and thus denies Beliveau's Motion for Partial Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the parties' statements of material facts and the portions of the record referenced therein "disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." *Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶ 11, 915 A.2d 400 (citing M.R. Civ. P. 56(c)). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact finder to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). The Court must view the record facts in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of the same. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (citations omitted).

When the plaintiff is the moving party, it has the burden to demonstrate that each element of its claim is established in the record without a dispute of material fact. *Cote Corp. v. Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 8, 97 A.3d 127. (citation omitted). It then becomes the defendant's burden to demonstrate a genuine dispute of material fact. A party may "rely on affidavits of interested witnesses, including themselves, to establish or dispute a material fact." *Stanley v. Hancock Cnty. Com'rs*, 2004 ME 157, ¶ 19, 864 A.2d 169.

## FACTS

For the limited purpose of deciding the present Motion for Partial Summary Judgment, resolving all inferences in favor of the Defendants, the record demonstrates the following

undisputed material facts.[3]

Prior to 2017, Beliveau and Mattson were involved in numerous real estate projects through their ownership interests in various corporations and other entities. Defs.' O.SM.F. ¶ A. During 2017, they negotiated and executed an agreement pursuant to which Beliveau would exit from many of these projects (the "Exit Agreement"). Defs.' O.SM.F. ¶ A. In connection with the Exit Agreement, in August 2017 Mattson executed and delivered to Beliveau a promissory note (the "Note"). Pl.'s S.M.F. ¶ 4. The Note indicates that Mattson promised to pay $400,000 to Beliveau, and that payment in full was due no later than December 31, 2020. Pl.'s S.M.F. ¶¶ 7-8; Beliveau Aff. Ex. B. It includes a term wherein Mattson waived presentment, demand, notice, and protest. Pl.'s S.M.F. ¶ 9; Beliveau Aff. Ex. B.

Contemporaneous with the execution of the Note, Hailcore granted Beliveau a mortgage interest in certain real property it owned located in Bristol, Maine (the "Property") by executing a mortgage recorded with the Lincoln County Registry of Deeds at Book 5170, Page 246 (the "Mortgage"). Pl.'s S.M.F. ¶ 5; Defs.' O.S.M.F. ¶ F; Beliveau Aff. Ex. A. Relatedly, Hailcore also executed an instrument that guarantees Mattson's obligations to Beliveau under the Note (the "Guaranty"). Pl.'s S.M.F. ¶¶ 6, 2; Beliveau Aff. Ex. C. The Note and Guaranty each indicate that they were given by Mattson and Hailcore, respectively, "FOR VALUE RECEIVED." Beliveau Aff. Exs. B, C. Defendants, however, dispute that any money was ever loaned, or intended to be loaned, by Beliveau to Mattson under the Note or the Guaranty. *See* Defs.' O.S.M.F. ¶ I.

---

[3] In his Reply Statement of Undisputed Material Facts, Beliveau submitted nineteen statements of material facts in addition to his statements of material facts in support of his Motion for Partial Summary Judgment. This submission goes beyond what is permitted by Maine Rule of Civil Procedure 56(h)(3). *See, e.g.*, *N.E. Ins. Co. v. Young*, 2011 ME 89, ¶ 4, 26 A.3d 794 (inclusion of several additional facts in party's reply statement of material facts is not authorized by M. R. Civ. P. 56(h)(3)). The Court does not consider Beliveau's additional statements of material facts within the summary judgment record. Nor does the Court consider the parties' conclusory allegations, *see Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (citations omitted), or argumentative statements disguised as factual ones, *see id.* ¶ 15 n.5.

As early as June 2017, the parties discussed Mattson giving Beliveau a mortgage on the Property. Defs.' O.S.M.F. ¶ D; Mattson Aff. Ex. A. Accordingly, the Mortgage was contemplated by the Exit Agreement, which provided that upon its execution Mattson "shall cause to be executed and shall deliver to [Beliveau] a mortgage on [the Property]." Defs.' O.S.M.F. ¶¶ B-C; Beliveau Aff. Ex. A, art. VII § 2. The Mortgage is listed among the obligations enumerated within the Exit Agreement as securing "the payment and performance of … [Hailcore's] guarantee in favor of [] Beliveau … which guarantees payment of the loan made by" Beliveau to Mattson in the principal amount of $400,000, as evidenced by the Note. Defs.' O.S.M.F. ¶ F; Beliveau Aff. Ex. A, § 1.1.1.

Neither Mattson nor Hailcore made any payment in-full to satisfy the Note and Mortgage to Beliveau by December 31, 2020. Pl.'s S.M.F. ¶¶ 11, 16, 31-32. The Property was sold during December 2020, and Beliveau received sale proceeds in the amount of $151,229.01. Pl.'s S.M.F. ¶ 12; Defs.' O.S.M.F. ¶ L. On December 28, 2020, Beliveau executed a Discharge of Mortgage releasing the Mortgage, which is recorded with the Lincoln County Registry of Deeds at Book 5640, Page 189. Pl.'s S.M.F. ¶ 13. The Discharge of Mortgage contains a reservation of rights provision, which provides that "[f]or the avoidance of all doubt and with the fullest reservation of rights, … this discharge of the [Mortgage] does not, and shall not, release or in any way discharge any" claims that Beliveau has against Mattson. Pl.'s S.M.F. ¶ 14; Beliveau Aff. Ex. D.

## DISCUSSION

Defendants insist that no money was ever loaned by Beliveau to Mattson or Hailcore. Instead, Defendants claim that "the Note and Guaranty were drafted solely to provide a documentary framework for the [M]ortgage called for by the Exit Agreement," and once the Mortgage was discharged by Beliveau "the Note and Guaranty then had no purpose as no money had been loaned, and [neither] create any debt of the makers." Defs.' Opp'n to Pl.'s Mot. Partial

4

Summ. J. 1-2. In other words, the "Note, insofar as it purports to evidence an actual loan of $400,000, was entirely fictitious" and not supported by valuable consideration. *Id.* at 3.

In response, Beliveau contends that whether he actually loaned the funds in question "is completely irrelevant and of no legal or factual consequence." Pl.'s Reply to Def.'s Opp'n to Mot. Partial Summ. J. 2. In support of his argument, Beliveau relies on *Greeley v. Greeley*, 119 Me. 264, 110 A. 637 (1920). In *Greeley*, the Law Court stated: "The prepositional phrase, '[f]or value received,' … bespeaks that material cause moved the maker to give the note existence, and affords presumptive evidence of consideration." *Id.*, 119 Me. at 264, 110 A. at 637 (citations omitted). Here, Beliveau points out, both the Note and the Guaranty include the exact same language: "FOR VALUE RECEIVED." Beliveau Aff. Exs. B, C. Thus, argues Beliveau, invoking *Greeley*, the Court cannot entertain Defendants' evidence that value was not received.

*Greeley*, however, provides no support for Beliveau. First, *Greeley* was decided after a full trial, *Greeley*, 119 Me. at 264, 110 A. at 637, and does not speak to the summary judgment standard. Second, *Greeley* supports the position of Defendants. Despite the presumptive evidence, in *Greeley* the defendant was permitted to introduce evidence showing a lack of consideration, and the plaintiff was not allowed to rest on the presumption; rather, she was required to put on evidence proving consideration. *Id.* Moreover, the *Greeley* court determined that the defendant's extrinsic evidence was admissible to show lack of consideration. *Id.*, 119 Me. at 264, 110 A. at 638. Thus, *Greeley* does not require the Court on summary judgment to disregard the genuine dispute of material fact regarding consideration in this case.

Beliveau also argues that the Note, Guaranty and Exit Agreement must be read together, where the Note and Guaranty arise from the Exit Agreement and the instruments together operationalize a broader transactional arrangement. *See DiPietro v. Boynton*, 628 A.2d 1019, 1022

(Me. 1993) (citations omitted). That may be true, but there are disputes of fact in the murky waters at the confluence of these three document streams preventing the Court from resolving the claims on summary judgment.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff Severin M. Beliveau Esq.'s Motion for Partial Summary Judgment on Counts V and VI of Plaintiffs' Complaint stated against Defendants Kevin J. Mattson and Hailcore, LLC, respectively, is DENIED.

So ordered.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: **09/18/2023**

Michael A. Duddy, Judge
Business & Consumer Court

Entered on the docket: 09/18/2023

---

[4] Given the Court's decision, it is unnecessary to explore Defendants' other arguments.